# Goodloe *v*. Dean.

### *Bill in Equity for Foreclosure of Mortgage.*

1. *Answer as evidence, when not included in note of testimony.*—Under the rules of practice in chancery, all evidence offered by either party must be noted on the minutes by the register, and evidence not so noted can not be considered for any purpose (Rule No. 77 ; Code, p. 172) ; and if the answer is not included in the note of the testimony so made by the register, it can not be regarded as evidence for any purpose, either by the chancellor, or by this court on appeal, especially where an answer on oath was waived.

2. *New matter in avoidance, set up in answer.*—Matter set up in the answer, not responsive to the bill, but in avoidance of it, can not be proved by the answer alone, unsupported by other evidence.

3. *Mortgage of homestead tract of land exceeding statutory limits.*—A mortgage of a tract of land including the homestead, and embracing more than 160 acres, is valid as to the excess, without the voluntary signature and assent of the wife.

4. *Homestead exemption; requisites of.*—When a claim of homestead exemption is set up in defense of a bill for the foreclosure of a mortgage, the premises conveyed exceeding 160 acres, the claimant must show the

[Goodloe v. Dean.]

actual occupancy of the premises as a homestead at the time the mortgage was executed, a selection of the particular part claimed, and its value; and in the absence of proof to the contrary, this court would presume, in support of the chancellor's decree, that the homestead had been leased for more than one year, or had been abandoned.

APPEAL from the Chancery Court of Colbert.

Heard before the Hon. THOMAS COBBS.

Bill by appellee, Joseph W. Dean, against the appellant, Isaac L. Goodloe *et al.*, for foreclosure of a mortgage executed by said Goodloe and his wife to said Dean. The other defendants were prior mortgagees of a part of the land mortgaged by Goodloe and wife to Dean. Goodloe, among other defenses, set up in his answer, that a part of the land embraced in complainant's mortgage was his homestead and the mortgage thereof was void because the certificate of the wife's examination separate and apart from the husband did not not comply with the form prescribed in § 2822, Code of 1876. On the submission of the cause for final decree, Goodloe offered no evidence whatever.

The court rendered a decree granting the relief prayed for, and this is assigned as error.

R. C. BRICKELL, and HUMES, GORDON & SHEFFEY, for the appellants.

J. B. MOORE, and W. L. B. & J. W. COOPER, *contra*.

SOMERVILLE, J.—Under the 77th Rule of Chancery Practice (Code, 1876, p. 172), each party, on the hearing of a cause in equity, is required to name the particular witnesses whose depositions are proposed to be offered in evidence, and to designate any other testimony upon which he relies, of which the register must take a note. "Any testimony not offered in this way, and noted by the register on the minutes, must not be considered as any part of the record, nor be considered by the chancellor." Under this rule not even the answer of a defendant can be regarded as legal testimony, or considered unless it was offered in evidence before the court and noted by the register.—*Mahone v. Williams*, 39 Ala. 202.

The answer of the defendant, Goodloe, to the complainant's bill was not noted by the register, and is, therefore, no part of the record. It was not, presumptively, regarded as evidence for any purpose by the chancellor, and we decline to give it any weight as such. Especially must this be so in view of the fact that the answer of the defendant on oath was waived in the bill, and it was, therefore, enti-

tled to no more weight as evidence than the bill itself. Code, 1876, §§ 3762, 3786; 1 Brick. Dig. § 1466, *et seq.*

The claim of homestead exemption, moreover, is a matter not responsive to the bill, but is a matter introduced in avoidance of the case made by the bill, and for this additional reason can not be proved by the answer alone, unsupported by proper testimony.—*Barton v. Barton*, 75 Ala. 400; 1 Brick. Dig. § 1483.

Rejecting the averments of Goodloe's answer, there is neither any evidence of a claim of homestead exemption, nor of the existence of the right. The answer of his co-defendants touching this subject-matter was no evidence in his favor. Nor is there any testimony taken in support of the claim. It is true that the complainant's bill makes the mortgage executed to him by Goodloe on January 4, 1883, an exhibit, and in this paper certain improvements are designated as being on the mortgaged premises, including "the residence" and other buildings. But it is shown that the entire tract of land owned by Goodloe consisted of 240 acres, a part of which was mortgaged to complainant and a part to his co-defendants, Gilbert & Haley, to whom a priority is conceded without contest. The area of the alleged homestead tract thus exceeding the statutory limit of 160 acres, the mortgage of Goodloe was valid for the excess over and above, this quantity without the voluntary signature and assent of his wife, even if it had been shown that the premises were in actual occupancy of the mortgagor at the time of his making the conveyance.—*DeGraffenreid v. Clark*, 75 Ala. 425 ; *Butts v. Broughton*, 72 Ala. 294. But no proof of actual occupancy is made, nor of the value of the alleged homestead which is not permitted to exceed two thousand dollars in value.—Code, § 2820. Nor is there any thing in the record from which we can decide that a selection has been made of any particular part of the entire tract, a duty which can be discharged only by the owner himself.—Code, § 2820 ; *DeGraffenreid v. Clark, supra*. It may be that the premises had been leased to another, and being no longer in the owner's actual occupancy, they may have been abandoned as a homestead in the eye of the law.—*Murphy v. Hurst, Miller & Co.*, 75 Ala. 438, and cases cited. This we must assume in order to support the decree, if necessary. We certainly can not presume the contrary in order to reverse it.

We hold, therefore, that the mortgage was valid without the signature and acknowledgment of the wife required by the statute, in order to alienate a right of homestead, the

31

evidence failing to establish the existence of any such right.

Affirmed. ·