# Wilkinson, Banks & Co. *v.* Buster, *et al.*

*Bill in Equity to set aside a Conveyance on the Ground of Fraud.*

1. *Chancery practice; filing of plea after submission of cause for final decree.*—After a chancery cause has been submitted for final decree, the court can not allow the defendant to interpose a plea of infancy, without setting aside the submission and giving notice thereof to the complainants.

2. *Fraudulent conveyance; when evidence to establish fraud insufficient; case at bar.*—On a bill filed by creditors seeking to set aside a conveyance of certain lands by their debtor, upon the ground of fraud, in that the consideration expressed in the deed was simulated, and that there was, in fact, no consideration paid, and that it was made for the purpose of defrauding the complainants and other creditors of the debtor, it was shown by the evidence of disinterested witnesses that the grantees in said deed possessed the means to make the purchase and pay for the land. The relation of brother and sister existed between the grantor and his grantees. One of the complainants testified that upon one of the grantees being told that the grantor was indebted to complainant, she remarked that they would never

[Wilkinson, Banks & Co. v: Buster, *et al.*]

get the money out of the debtor. This conversation was positively denied by said grantee. There was no other evidence tending to show that either of the grantees had any knowledge of the indebtedness of their grantor, and the respondents each testified to the *bona fides* of the sale and the payment of the purchase money, and that the transaction was completed without any notice on the part of the purchasers of the indebtedness of their grantor to complainants. *Held:* That the complainants failed to discharge the burden resting upon them— of establishing fraud on the part of the grantees in the purchase—and that they were, therefore, not entitled to have the conveyance set aside as fraudulent.

APPEAL from the Chancery Court of Lawrence.
Heard before the Hon. WILLIAM H. SIMPSON.
The facts of the case are sufficiently stated in the opinion.

W. T. SANDERS, LOWE ·& ALMON and L. BANKS, for appellants.—The court erred in allowing the defendant to file his plea of infancy after the cause was submitted for final decree, without notice to the complainant of the filing of said plea.—6 Amer. & Eng. Encyc. of Law, 803 ; *Joyce v. Gunnel*, 2 Richardson's Eq. (S. C.) 259.

The facts of this case show that the conveyance sought to be set aside was fraudulent as against the complainants. The transaction was had between brother and sisters, and is, therefore, subject to the closest scrutiny. 8 Amer. & Eng. Encyc. of Law, 765-6 ; *Harrell v. Mitchell*, 61 Ala. 271 ; *Marshall v. Croom*, 60 Ala. 121 ; *Owens v. Hobbie*, 82 Ala. 466 ; *Hoboken Bank v. Beckman*, 36 N. J. Eq. 83 ; *Pyron v. Lemon*, 67 Ala. 458 ; *Hubbard v. Allen*, 59 Ala. 283.

JAMES H. BRANCH, *contra.*—The complainants did not meet the burden placed upon them, in that their evidence failed to establish fraud on the part of the grantees in the conveyance.—*Moog v. Farley*, 79 Ala. 246 ; *Smith v. Collins*, 94 Ala. 394.

No presumption of fraud can arise from mere relationship.—*Montgomery v. Kirksey*, 26 Ala. 172 ; *Millard v. Hall*, 24 Ala. 209 ; *Young v. Dumas*, 39 Ala. 60 ; *Moog v. Farley*, 79 Ala. 246 ; *Reeves v. Skipper*, 94 Ala. 407.

The filing of the plea of infancy after the submission of the cause, even if irregular, resulted in no injury to the complainant. Allowing the plea filed was within

the chancellor's discretion, if it was not a right which the defendant had under section 3449 of the Code of 1886 ; and the presumption is that the chancellor prescribed the proper terms and gave proper notice.— *Winston v. Mitchell,* 93 Ala. 559.

COLEMAN, J.—This is a creditors' bill filed by appellants against Samuel M. Buster, their debtor, and the other respondents, who it is averred are the fraudulent grantees of certain lands conveyed to them by the said debtor. The bill charges that the consideration expressed in the deed of conveyance was simulated ; that there was in fact no consideration paid, that it was made with the intent to defraud complainants, and that the grantees knowingly participated in the fraud. At the final hearing the court rendered a decree in favor of the defendants, and dismissed complainants' bill. The assignments of error relate to the ruling of the court in admitting certain testimony, in its action in permitting the defendant, Samuel M. Buster, to file a plea of infancy after the cause had been submitted for final decree, without notice to complainants, and to the final decree of the court, dismissing complainants' bill.

Under our liberal system of chancery practice, parties are allowed to amend the pleadings at any time before submission for final decree, that may be necessary to promote the ends of justice and to prevent injury, subject only to the limitations and conditions provided in section 3449 of the Code of 1886 ; and it would not be reversible error for the court to set aside a submission and allow such amendments after submission and before final decree, protecting by appropriate orders the interests of the adverse party. The power of the court and its discretion in allowing amendments do not authorize such amendments to be made against the consent of the adverse party after submission of the cause for final decree, unless the submission be first set aside, of which notice should be given. The court erred in allowing the respondent Samuel M. Buster to file a plea of infancy after the cause had been submitted, and then to proceed to render a final decree on such plea, and if the decree of the court cannot be sustained upon other grounds than that of the plea of infancy, it must be reversed.

[Wilkinson, Banks & Co. v. Buster, *et al.*]

We are of opinion the court erred also in admitting certain evidence, against the objection of the complainants, but this error will not reverse the cause unless the decree is dependent upon the evidence erroneously admitted. The question then is, if the plea of infancy be stricken out, and all the illegal testimony be excluded, was the decree right, upon the issues of constructive and actual fraud? The evidence of disinterested witnesses establishes the fact that the grantees possessed the means to make the purchase and pay for the land, and that the relation of brother and sister existed between the debtor grantor and his grantees. The grantees owned a two-thirds interest in the land conveyed, and the grantor debtor, their brother, owned a one-third interest. The respondents did not live together, and their visits to each other recently before the conveyance were not frequent. One of the complainants testifies, that the sister Nannie M. Buster inquired of him whether Samuel M. Buster was indebted to his firm, and on being notified of the fact, replied that he would "never get the money out of Sam." This conversation is positively denied by Nannie. M. Buster. The witness who testifies for the complainants is a party to the suit, and Nannie M. Buster, a party respondent. There are no circumstances in the case, which would justify us in crediting the one more than the other. There is no other material evidence, which tends to show that Nannie M. Buster had any knowledge of the indebtedness of her brother. There is no pretense that Charles C. Buster had any notice of any indebtedness of his brother Samuel M. Buster. These three respondents testify to the *bona fides* of the sale and payment of the purchase-money, and that the transaction was completed without any notice on the part of the purchasers, of the indebtedness of Samuel M. Buster to complainants. The burden was on complainants to make out their case. It may be, that so far as Samuel M. Buster is concerned, the court would be justified in the conclusion, that he sold and conveyed with the intent to avoid paying his debt to complainant, but the evidence is reasonably satisfactory, that the respondents Charles Buster and Nannie Buster paid a valuable consideration for the land, and complainants have failed to discharge the burden of establishing a fraudulent intent on their part, in making the purchase.

[Adler *et al.* v. Sullivan.]

The evidence shows that Samuel M. Buster was a minor at the time he executed the notes to complainants, the foundation of the bill; that prior to that time, his disabilities of minority had been regularly removed by a decree of the chancery court of this State, and that the notes were executed and made payable in the State of Tennessee. The plea of infancy raises the question as to the effect of the decree of the chancery court of this State relieving an infant of his disabilities, upon contracts made and to be performed in Tennessee, when such contracts are sought to be enforced against the minor in this State. We leave the question open. See Code of 1886, §§ 2361, 2363; 10 Am. & Eng. Ency. 615; *State v. Bunce*, 65 ·Mo. 349; *Woodward v. Woodward*, 11 So. West. Rep. 892; 3 Pickle (Tenn.) 644.

In so far as the decree of the chancery court dismissed the complainants' bill absolutely as to Charles C. Buster and Nannie M. Buster, the decree is affirmed. As to Samuel M. Buster, the decree is here modified, so that the same shall be dismissed without prejudice to the right of the complainants to proceed against him for the collection of their said demand as they may be advised. We make this correction to save all questions which might otherwise arise from the decree of the chancery court.

Modified and affirmed.