# Darling, *et al. v.* Hanlon.

### Bill for Partition.

(Decided November 23, 1916. 73 South. 20.)

1. **Equity; Submission for Decree; Amending Note of Testimony.**— Where an order was entered submitting the cause for final decree on pleadings and proof as noted by the register, such submission should have been set aside before an amendment was allowed to the note of testimony; an amendment to the note of testimony allowed two months after the submission for final decree, without setting aside the submission, being error to reversal.

2. **Appeal and Error; Harmless Error; Amending Note.**—Permitting the note of testimony to be materially amended after the submission for final decree without setting aside such submission, cannot be held harmless error.

APPEAL from Mobile Chancery Court.

Heard before Hon. NORVELLE R. LEIGH, Special Judge.

Bill by Essimena Hanlon against Claire de Riviere Darling and others for partition. Judgment for complainants and respondents appeal. Reversed and remanded.

GEORGE B. CLEVELAND, JR., for appellant. ERVIN & McALEER, for appellee.

GARDNER, J.—The bill in this cause was filed by the complainant, seeking a sale of the real estate described in the bill for

division among the joint owners; the complainant insisting that she is the owner of a life estate and also a one-third undivided interest in the remainder. This latter interest in the remainder is claimed to have been derived through a deed from one Sabine M. Arnous de Riviere to Emilie A. de Riviere, of date January 23, 1906. The cause was resisted by the appellant Claire de Riviere Darling.

(1) On March 1, 1915, an order was entered submitting the cause for final decree upon the pleadings and proofs, as noted by the register. Thereafter on May 7, 1915, solicitors for the complainant filed a motion to be allowed to amend the note of testimony entered on March 1st by noting thereon, as testimony for complainant, a certified copy of the deed executed by Sabine de Riviere, above referred to. On the hearing of said motion it was ordered that the same be granted and that the note of testimony be amended as prayed for, which was done.

As will be noted, complainant was allowed to amend the note of testimony by the introduction of a certified copy of said deed more than two months after the cause had been submitted for final decree on pleadings and proof. This additional proof (for such it was, the record nowhere discloses that such evidence had been previously offered) was, it appears, a very material part of complainant's case. The note of testimony was permitted to be amended and the former submission allowed to stand. This in our opinion was reversible error. The submission should first have been set aside, which order might have opened the door to the introduction of additional evidence by either party. The practice of setting aside submissions when the cause has been held for decree, for the purpose of amendment of pleadings or the introduction of additional proof, is one which has been frequently indulged in by chancery courts.—*Ex parte Ashurst,* 100 Ala. 573, 13 South. 542. We are aware of no case, however, in which additional testimony has been permitted to be introduced by one of the parties after submission of the cause, without the setting aside of the submission and the reopening of the case. This action was error calling for reversal of the cause.—*Wilkinson v. Buter,* 115 Ala. 578, 22 South. 34; Sims' Chy. Pr. §§ 563, 564.

(2) It is insisted by counsel for appellee, however, that this is but a technical question and should not work a reversal. We do not so view it The introduction of evidence, of course, lies at

[Howton v. Mathias.]

the foundation of every cause of action, and that which affects any material part of the evidence affects the entire cause, and the introduction of additional proof might very essentially alter the conduct of the adverse party.

As the cause must be reversed, it is unnecessary to consider the question of irregularity in the appointment of a special chancellor insisted upon by appellant; but in view of such insistence it is not improper to observe that the provisions of section 4627 of the Code should suffice as a guide and be carefully observed, that no occasion arise for objection to such appointment.—*Roberts v. State,* 126 Ala. 74, 28 South. 741, 30 South. 554.

For the error indicated, the judgment of the court below will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.