(75 South. 973)

KELLEY et al. v. CHANDLER. (4 Div. 651.)

(Supreme Court of Alabama. May 17, 1917.)

1. MORTGAGES &⟶86(3)—MISREPRESENTATIONS —SUFFICIENCY OF EVIDENCE.

In an action to cancel and remove a mortgage as a cloud on title on the ground that it was obtained by fraudulent misrepresentations, evidence *held* to sustain averments of bill as to misrepresentations.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 197, 1364.]

2. EQUITY &⟶385—RECEPTION OF EVIDENCE— NOTE OF EVIDENCE.

Where, upon the submission of a cause, certain material evidence is not included in the note of testimony of either of the parties, trial court errs in setting aside the submission in vacation, on complainant's motion, without notice to defendant and permitting him to amend his note of testimony so as to include the omitted evidence, since it permits introduction of new testimony after submission of cause without notice to the other side.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 822–824, 833.]

3. EQUITY &⟶385—RECEPTION OF EVIDENCE— NOTE OF EVIDENCE.

The rule of chancery practice, that nothing is in evidence that is not included in the note of testimony, is mandatory.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 822–824, 833.]

4. EQUITY &⟶385—RECEPTION OF EVIDENCE— ORAL TESTIMONY.

The rule of chancery practice as to noting testimony does not apply to evidence heard orally before the court as provided by Gen. Acts 1915, p. 705.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 822–824, 833.]

5. EQUITY &⟶387—SUBMISSION OF CAUSE— SETTING ASIDE WITHOUT NOTICE.

Setting aside of a submission of a cause without notice to the other party and resubmission of same after permitting complainant to offer additional testimony is error.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 826.]

Appeal from Chancery Court, Covington County; O. S. Lewis, Chancellor.

Action by W. H. Chandler against E. E. Kelley and others. From a judgment for complainant, defendants appeal. Reversed and remanded.

W. L. Parks and A. Whaley, both of Andalusia, for appellants. J. A. Carnley, of Enterprise, and A. R. Powell, of Andalusia, for appellee.

GARDNER, J. The bill in this case was filed by the appellee to cancel and remove as a cloud on his title a certain mortgage executed by himself and wife to respondent Kelley, and by the latter transferred to the Covington County Bank.

[1] It appears that the complainant (appellee) purchased from one Taylor 80 acres of land in Covington county, Ala., and went into possession under said purchase; that said Taylor bought the land from the state, it being known as "swamp or overflowed land." It further appears that a mistake had been made in the conveyance from the state to Taylor, in that the land was described as in township 3, when a correct description is township 5; that the complainant discovered the mistake, but the attorney whom he employed failed to have same corrected, and that subsequently complainant went to respondent Kelley, who was cashier of the Covington County Bank, and showed him the deed to ascertain if he could render any assistance concerning the same; that Kelley told him he had no title to the land. It is the insistence of complainant that on February 23, 1909, respondent Kelley, with a notary public, went to the field of the complainant to see him with reference to the land in question, and again informed complainant that he had no title, stating that the state was going to sell the land for $5 per acre, and that if he did not buy it some one else would, and offered to loan complainant the money with which to buy said land from the state, if he would execute a mortgage on his land as security, and that the mortgage here involved was executed under these representations. It seems to be without dispute, however, that the state executed a corrected deed to Taylor, without the payment of any money whatever; and that the trustees of the Insane Hospital were fully notified as to said misdescription by the probate of Covington county as early as October 27, 1908, and had no hesitancy in executing the corrected deed.

Respondent Kelley insists that the mort-

gage was not executed to secure any money, and that no such representations were made, but that in fact complainant executed the mortgage to secure the sum of $450 which represented the amount respondent charged complainant for his services in securing a deed from the state to Taylor. Kelley was cashier of the respondent Covington County Bank, and had active control of its affairs, and authority as cashier to discount all matters less than $500. He testifies that on February 24, 1909, he as an individual discounted with himself as cashier of the respondent bank the said mortgage by giving himself credit therefor on the checking account of the bank, and that no one else had any connection with such transfer; the same being actually written on the mortgage March 1, 1909. It is not insisted by counsel for appellant that respondent bank was, under such circumstances, entitled to protection as a bona fide purchaser for value without notice. The chancellor concluded that the complainant had sustained the averments of the bill as to misrepresentations, and granted the relief prayed for. Upon a careful consideration of the evidence set out in this record we think the conclusion of the chancellor is fully sustained. We have, however, upon consultation in this cause, reached the conclusion that the cause must be reversed upon the question of chancery practice, to which we will refer briefly.

[2] The cause was submitted for final decree, and a note of testimony for the respective parties was filed April 25, 1916. In the progress of the cause complainant had filed interrogatories to the respondents E. E. Kelley, and also the Covington County Bank, which were duly answered, and were on file. Upon submission of the cause, the answers to these interrogatories were not included in the note of testimony of either of the parties. They contained matter material to the complainant's cause. After the submission of the cause, and in vacation, on May 16, 1916, the solicitor for complainant filed a motion to have the submission set aside, and that he be permitted to amend his note of testimony so as to embrace the said answers of the respondents. On the same day the chancellor at chambers entered an order granting said motion and permitting the note of testimony to be amended by complainant so as to embrace said answers, which was done, and in the same order the cause was resubmitted for final decree without other note of testimony, all of which occurred in vacation, and without notice to the respondents of the same.

This action of the court constituted one of the assignments of error, and is insisted upon by counsel for appellant on this appeal. A question of somewhat similar import was presented in the recent case of Darling v. Hanlon, 73 South. 20.[1] There can be no question under the authorities in this state that this action of the court constituted error. It permitted the introduction of new testimony by complainant after the cause had been submitted, without notice to the other parties, testimony which was material and valuable to complainant, and which he had not relied upon at the time of the submission. Reese v. Barker, 85 Ala. 474, 5 South. 305; Goodloe v. Dean, 81 Ala. 479, 8 South. 197; Stephens v. Moore, 116 Ala. 398, 22 South. 542; Wilkinson v. Buster, 115 Ala. 578, 22 South. 34; Sims, Ch. Pr. § 561; rule 75, Ch. Pr. p. 1551, Code; Darling v. Hanlon, supra. If we are to observe the rule so long established in this state it must result in a reversal of this cause.

[3] The rule of chancery practice in regard to noting the testimony has been construed as mandatory, and it has been held that not even the answer of a respondent on file is to be considered as evidence unless noted as required by said rule. Goodloe v. Dean, 81 Ala. 479, 8 South. 197.

[4] The testimony in this record was not heard orally before the court as provided by the act of September 22, 1915 (Gen. Acts 1915, p. 705), and what is here said therefore has no reference to evidence taken as provided thereby. The rule in regard to noting the testimony in chancery cases has remained undisturbed, and throughout all legislative reforms no effort seems to have been made to change or modify it. The writer of this opinion, speaking for himself alone, is very much inclined to the view that the rule has outlived its usefulness, and frequently proves more of a hindrance than a help in the administration of justice. He can see no harmful result in permitting a court to consider all the evidence on file in the cause, whether formerly noted or not, as the sole aim in all judicial investigations is the ascertainment of the truth. This, however, is aside from the case.

[5] The rule is with us long established and sanctioned by numerous decisions of this court. The setting aside of the submission in this cause, and the resubmission of the same after permitting complainant to offer additional testimony without notice to the other parties, is clearly a practice, however, which cannot be sanctioned, without regard to the question of the note of testimony referred to. We are unable to say that this procedure did not affect the course to be pursued by the respondents in the cause, and counsel for appellant so insists on this appeal, and we cannot, therefore, save the cause from reversal. That question was considered in Darling v. Hanlon, supra, and what was there said in this connection is applicable here. We have deemed it not inappropriate to state our conclusion upon the facts as here presented, as we confessedly, with some reluctance, feel compelled to reverse the cause upon the question of practice just discussed. We are mindful that in this we foreshadow the result if the cause is resubmitted upon the evidence now in this record, but of course we do not know whether

[1] 197 Ala. 455.

additional proof will be offered. When the cause is again submitted there will be of course a new note of testimony for each of the parties.

For the error indicated, the decree will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.