186 So. 148

Ex parte STATE ex rel. BRITTAIN et al.

7 Div. 552.

Supreme Court of Alabama.

Jan. 26, 1939.

Rutherford Lapsley, of Anniston, for relators.

Merrill, Jones & Merrill, of Anniston, for respondent.

KNIGHT, Justice.

Petition for mandamus to Hon. Lamar Field, Judge of the Circuit Court of Calhoun County, to require "the Circuit Court and the Judge thereof, to set aside and vacate the order and judgment of January 7, 1939; and to allow petitioners to present for consideration of the court the evidence as offered and referred to in their petition of January 6, 1939, as may be reasonably necessary for the purposes stated in their said petition." In short, the relators seek by their petition here exhibited to require the court and the judge thereof to allow them to offer additional evidence in a certain cause, after a submission for final decree.

It appears from the petition here filed that the relators, Mattie Brittain and O. H. Brittain, husband and wife, had filed a bill in equity to enjoin a pending foreclosure of a mortgage executed by the complainants to E. C. Anderson, deceased; that the executor of the will of said Anderson had filed an answer to said bill, and this answer was made a cross bill, and prayed for the foreclosure of the mortgage; that this cross bill was later amended and prayed for the reformation of the mortgage, as to the description of the property, and for subrogation.

The hearing on the bill and cross bill was set for January 3, 1939.

The testimony was given ore tenus, and the cause was argued by counsel for complainants and respondents on January 4, 1939, and duly submitted on pleading and proof for final decree on said day.

The respondent Judge, waiving the issuance of rule nisi, has filed in this court his answer to the petition of relators for mandamus, and this answer has not been controverted in any respect by the relators.

We excerpt the following from the answer of Judge Field, paragraphs 2 and 5:

"(2) That said cause was set for final hearing on January 3, 1939, at which both parties offered testimony, and the testimony was supposed to have been closed on said date and the cause was continued over until ten o'clock January 4, 1939, for the purpose of oral argument by the attorneys. That at said time, to-wit, ten o'clock January 4, 1939, petitioners in this cause asked leave to examine or re-examine three additional witnesses and the same was granted by the court. That upon the concluding of this testimony the court asked attorneys for both complainants and respondents if they had any additional testimony and was informed that no additional testimony was to be offered by either party. That thereupon the attorneys for the parties argued said cause at length orally before the court, both as to the law and as to the facts. That upon the conclusion of said argument the court instructed the parties to see that the testimony was properly noted by the register

166

and notes of submission filed and the cause was taken under consideration.

"(5) The court further states that on January 9, 1939, before he had any notice of any petition for mandamus in this proceeding he notified attorneys for petitioners that he had decided the case and was going to render decree granting relief under the cross bill; and the court further states that at nine o'clock A. M. January 10, 1939, before he was served with any notice of this original proceeding, he did as a court render final decree in favor of cross complainant in said cause and said final decree in said proceeding was rendered by him and filed with the register in said cause prior to the time any notice was given to him of the filing of this original mandamus proceeding, the same having been done at nine o'clock A. M. January 10, 1939."

Thus it appears that before any effort was made by relators to secure mandamus from this court, the cause was under final submission, and, in fact, the relators had been informed by the Judge of said court that a decree granting relief under the cross bill would be rendered; and further, that before the court, or the Judge thereof, was given any notice of the present proceedings, a final decree had been rendered and filed in said cause.

The above stated facts are not controverted.

 The rule has long prevailed, and is well established in this jurisdiction, that when the answer is uncontroverted, it will be taken as true. Ex parte Davis, 230 Ala. 668, 162 So. 306; Ex parte Fischer, 229 Ala. 455, 157 So. 869; Ex parte Waldrop, 228 Ala. 38, 152 So. 44; Ex parte Apperson, 217 Ala. 176, 115 So. 226; Ex parte Harris, 228 Ala. 88, 152 So. 449; Ex parte Schoel, 205 Ala. 248, 87 So. 801; Ex parte Adams, 216 Ala. 353, 113 So. 513; State ex rel. St. Peter's M. Baptist Church v. Smith, Judge, 215 Ala. 449, 111 So. 28; Code, § 8979.

No motion was made by the complainants in the court below, relators here, to have the submission set aside in order that the additional testimony might be offered by them.

So long as the order of submission stood, or, to state it a little differently, so long as the court had the case before it for final decree on due submission, it would have been reversible error for the court to have permitted the complainants to offer additional evidence. Before additional evidence could be offered, or considered, the court would have had to set aside the submission. Darling v. Hanlon, 197 Ala. 455, 73 So. 20; Wilkinson v. Buster, 115 Ala. 578, 22 So. 34.

Had a proper and timely motion been made to have the submission set aside, and the cause reopened for further testimony, the question of whether such motion should be granted would have been addressed to the sound discretion of the court. Yeend, Adm'r, v. Weeks, 104 Ala. 331, 16 So. 165, 53 Am.St.Rep. 50; Magruder v. Campbell, 40 Ala. 611; Ex parte Ashurst, 100 Ala. 573, 13 So. 542. This discretion is not reviewable except for abuse.

The relators have not made out a case entitling them to the writ prayed for, and mandamus must be denied.

Mandamus denied.

GARDNER, THOMAS, and BROWN, JJ., concur.