191 So. 341
### HOWARD v. COOKE et al.
#### 7 Div. 512.

Supreme Court of Alabama.

Oct. 5, 1939.

318

Warren S. Reese, Jr., and Carmichael & Crenshaw, all of Montgomery, for appellant.

Scott & Dawson and C. A. Wolfes, all of Fort Payne, for appellees.

BOULDIN, Justice.

Bill by judgment creditor to set aside an alleged fraudulent conveyance of lands by

the debtor, and subject the property to payment of his debts.

A Court of Equity has full power to set aside a submission for final decree, and permit the taking of further testimony by both parties. This is a matter of discretion, much as continuances and the like. Such discretion is to be exercised as in the judgment of the Judge the ends of justice require. This rule is now recognized by statute. Code of 1923, § 6645.

This is quite different from allowing an amendment to a note of testimony by one party after submission without notice to the other, as in Darling et al. v. Hanlon, 197 Ala. 455, 73 So. 20; or setting aside the submission, allowing such amendment, then resubmitting, all without notice to the other party, as in Kelley et al. v. Chandler, 200 Ala. 215, 75 So. 973.

The grantor was heavily indebted, in much for materials furnished to erect buildings on the property; was being pressed by his creditors. He was stalling them off.

The conveyance covered substantially all his property, his sole resource for the payment of his debts.

The deed was made in contemplation of marriage to the grantee, which was consummated upon the grantor's obtaining a divorce from his former wife.

The grantor's intent to hinder, delay or defraud his creditors is manifest. One must be held to intend the known and inevitable effects of his deeds.

Did the grantee participate in the fraud?

On a careful consideration of the legal evidence in the record we are of opinion she was an active participant in the fraudulent intent to hinder, delay or defraud the creditors of the grantor.

With greater assurance, it can be said, the grantee, a woman of much intelligence, had knowledge of facts sufficient to provoke inquiry, and, in equity, charge her with notice of the fraudulent intent of the grantor.

The deed recited a consideration of $4,000. Whether this was an adequate consideration is in dispute. This question need not be decided, since equities arising from bona fide payment of a valuable consideration, though inadequate, do not, in our opinion arise.

The grantee had the means to make payment, and the transaction was clothed with all the indicia of payment.

Thus, a check of $85, and an automobile were passed to the grantor a week before the execution of the deed. Registry of the automobile in his name was promptly made. Whether a value was put on the automobile at the time, or these advances were intended at the time as payments on the purchase price of the lands, is subject to question. In any event, the automobile, for purposes of the transaction was valued at $415, and with the $85 check, treated as $500 advance payment on the lands.

On the consummation of the marriage in Florida, five days after the date of the deed, the wife gave the husband a check for $3,500, from monies acquired as alimony from her former husband. This check was deposited in the husband's name in a bank in a city, not of the residence of either party. Less than 10% of it ever found its way to the creditors of the husband. None of it to these complainants.

Avoiding a prolonged discussion of the evidence, we are of opinion there was a common purpose to hold this money for their common uses, and the same was devoted to the purposes of high living, as per the tastes and habits of the parties, in disregard of the claims of the husband's creditors.

In view of the picture presented by this record, we think it well to announce, by way of application of the law of fraudulent conveyances, that where the husband, greatly embarrassed by debt, conveys his properties, his sole resource for payment of his debts, to his wife, having notice of these conditions, for a cash consideration, but with the common purpose to retain the money and devote it to their common uses, the transaction is fraudulent and void as to such creditors. In essence, such a devise means holding both the land and the money for the use of the grantee, or both, while creditors go unpaid.

When relations between the parties, their way of life, their resources, and the circumstances generally, point to such conclusion, the burden is on the grantee to overcome the indicia of fraud. This burden has not been met.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.