20 So.2d 859

**Ex parte JONES.**

I Div. 226.

Supreme Court of Alabama.

Jan. 18, 1945.

Rehearing Denied March 1, 1945.

434

Howard Scott, of Chatom, and Wm. G. Caffey, of Mobile, for petitioner.

Granade & Granade, of Chatom, for respondent.

STAKELY, Justice.

This is an original petition to this court for mandamus to compel Joe M. Pelham, Jr., as Judge of the First Judicial Circuit, to vacate a decree setting aside a decree pro confesso in the equity court. The theory of the petition is that the court abused its discretion in setting aside the decree pro confesso because of lack of diligence on the part of the respondent in moving to set aside the decree pro confesso and because of want of meritorious defense, and further abused its discretion in the light of

Equity Rule 34, Code 1940, tit. 7 Appendix, which provides: "if the testimony has been published, the decree pro confesso must not be set aside and permission to file an answer be given, unless in the judgment of the court justice so requires." Upon issuance of the rule nisi, judge Pelham filed a demurrer to the petition and without waiving the demurrer, filed answer. The cause is submitted here on petition, demurrer and answer.

On August 10, 1941, a bill in equity was filed in the Circuit Court of Washington County by Robert L. Jones for himself and others against L. Q. Gunter, alias Lon Q. Gunter. Demurrer was interposed and overruled by the court. Appeal was taken from this decree to the Supreme Court of Alabama, which sustained the decree of the lower court. Gunter v. Jones, 244 Ala. 251, 13 So.2d 51. The bill seeks to redeem from the respondent, purchaser at mortgage foreclosure sale, an undivided one-half interest in certain lands and to have the court decree that respondent holds title to the other undivided one-half interest in the lands as trustee for complainant and others and to fix the amount due respondent for acquiring such other undivided one-half interest for complainant and others.

The following situation is shown in substance by the allegations of the bill: A. V. Jones executed a mortgage to Citronelle State Bank covering certain real estate in the town of Chatom, Washington County, Alabama. The mortgage contained the provision that the mortgagor guaranteed the title to the property to be in him and that he would warrant and defend the title to purchaser under the power of sale contained in the mortgage. However, the mortgagor, A. V. Jones, at the time of the execution of the mortgage, owned only an undivided one-half interest in the property and a life estate in the other undivided one-half interest, with the remainder in Margaret Ramey, his mother-in-law. The reason for the execution of the mortgage was that A. V. Jones owed the respondent, Lon Q. Gunter, or his principal, Wofford Oil Company, the sum of $800 for gasoline sold to him, and Gunter arranged for him to borrow the sum of $1,000 through execution of the aforesaid mortgage, with which to pay the debt. To enable Jones to obtain the mortgage loan, Gunter endorsed the note secured by the mortgage. A. V. Jones died and the mortgage became in default. Thereupon an investigation of the title to the property described in the mortgage was made and it was then learned for the first time that A. V. Jones did not own the entire interest in the property. Thereupon Gunter bought in the outstanding undivided one-half interest from Margaret Ramey for the benefit of the heirs of A. V. Jones. She executed to him a deed for her interest in the property. The Citronelle State Bank foreclosed the mortgage and Lon Q. Gunter became the purchaser at the sale.

In the foregoing decree overruling the demurrer, the Circuit Court of Washington County allowed the respondent thirty days for answer. This court in its foregoing decision made no reference to the time for answer. This court affirmed the decree of the Circuit Court of Washington County on April 15, 1943, and the certificate of affirmance was filed in the Circuit Court of Washington County on April 17, 1943. The lower court made no further order with reference to answer. On May 19, 1943, complainant applied for and obtained a decree pro confesso from the Register. (This is the decree pro confesso involved in the present petition.) On May 21, 1943, complainant took testimony to establish the amount to be paid by him to redeem the undivided one-half interest in the land from the mortgage sale and the amount to obtain a reconveyance of the other undivided one-half interest in the land. On May 31, 1943, complainant obtained an order publishing the testimony and an order of submission with note of testimony.

■ On June 3, 1943, without leave of the court, respondent filed an answer to the bill of complaint. On September 20, 1943, respondent filed a motion to set aside the decree pro confesso. As stated, the court granted the motion. The answer of Judge Joe Pelham, Jr., to the petition for mandamus is not controverted. Facts well pleaded in the answer will be taken as conclusive. Jones v. City of Opelika, 242 Ala. 24, 4 So.2d 509; Ex parte State ex rel. Brittain et al., 237 Ala. 164, 186 So. 148.

■ The answer of Judge Pelham shows that the respondent had neither notice nor actual knowledge of the application by complainant for the decree pro confesso or actual knowledge of the granting thereof until September 15, 1943, when he immediately filed his motion to set aside the decree pro confesso. The answer further alleges that under the respondent's answer filed June 3, 1943, the respondent has a

meritorious defense. Respondent's answer is attached as an exhibit to the petition for mandamus. We consider that we can look to respondent's answer to see if this be true.

The testimony in the case had been published before the court set aside the decree pro confesso. In speaking of the effect of Equity Rule 34, where this is the situation, this court in the case of Koonce v. Arnold, 244 Ala. 513, 14 So.2d 512, said:

"Moreover, under Chancery Rule 34, the court may, in its sound discretion, set aside a decree pro confesso after the testimony has been published where justice so requires. In any event, the trial court is vested with a sound discretion in setting aside decrees pro confesso, and there was no abuse of that discretion in the instant case."

■ It may be generally said that the power to set aside a decree pro confesso is one which rests in the sound discretion of the court and the exercise of that power by the court will not be revised on mandamus or otherwise except for abuse of its discretion. Drennen Motor Co. v. Patrick, 225 Ala. 36, 141 So. 681; Gibson v. Farmers' Bank of Luverne, 218 Ala. 554, 119 So. 664; Ex parte Gay, 213 Ala. 5, 104 So. 898; Brown v. Brown, 213 Ala. 339, 105 So. 171.

■■ Accordingly it becomes necessary to see what in principle constitutes abuse of discretion. In Clayton v. State, 244 Ala. 10, 13 So.2d 420, 422, this court was dealing with the discretion which the trial court may exercise in the matter of continuance, but what was there said will be regarded as a general statement of principle. This court, speaking through Mr. Chief Justice Gardner, said:

"'And while it is not necessary, to constitute abuse, that the court shall act wickedly or with intentional unfairness, it is essential to show that it has committed a clear or palpable error, without the correction of which manifest injustice will be done. Since the court trying the cause is, from personal observation, familiar with all the attendant circumstances, and has the best opportunity of forming a correct opinion upon the case presented, the presumption will be in favor of its action, and in no case will the exercise of this discretion be reviewed where it manifestly appears that justice has been done without sacrificing the rights of defendant. The opinion that the trial court might, in view of all the facts shown, very consistently have granted the continuance will not of itself be sufficient to authorize a reversal.'"

In the light of the foregoing, should we say that the circuit court abused its discretion in setting aside the decree pro confesso? Should we hold that there was such lack of diligence in filing an answer and in moving to set aside the decree pro confesso or such absence of showing a meritorious defense as to constitute the action of the court an abuse of its discretion? We do not think so.

■ The decree of the circuit court overruling the demurrer allowed thirty days for answer. In the meantime this time expired when the appeal to this court was taken. This court made no mention of the time allowed for answer when it affirmed the decree of the lower court. The lower court made no further order relating to answer. Equity Rule 24 provides that "when a demurrer is overruled, the defendant shall forthwith put in a plea or an answer, unless the court gives further time; and on failure to comply with the order to plead or to answer, a decree pro confesso may be entered." Under the circumstances we consider that ordinarily the time allowed for answer in this case would be thirty days from April 17, 1943, the day when the certificate of affirmance was filed in the Circuit Court of Washington County, or in other words May 17, 1943. The answer was filed on June 3, 1943, after the decree pro confesso had been entered.

■ The respondent had no notice of the motion for decree pro confesso, National City Bank of Mobile et al. v. Barret, 214 Ala. 35, 106 So. 168, and no actual knowledge of the rendition of the decree pro confesso until he moved to set it aside. True the respondent had notice from the time of the institution of the suit of the position claimed by the complainant, but not until this court affirmed the decree overruling the demurrer, could it be said that the issues in the case were sufficiently determined to require the respondent to prepare for his answer. At least this would be so on the issue of the court's abuse of discretion in deciding that the respondent was not so lacking in diligence as to be precluded from answer. We are not asked to set aside the decree pro confesso. That has been done and we are passing on what has been done. We are not willing to say that the lower court abused its discretion because of respondent's lack of diligence

in filing his answer and in moving to set aside the decree pro confesso.

Was there a sufficient showing of meritorious defense? The case made out by the bill has two aspects. It seeks redemption from foreclosure of the mortgage on an undivided one-half interest in the land. This feature of the case is not contested. It seeks to have the respondent, Gunter, declared a trustee for the benefit of complainant and others of the other undivided one-half interest in the land. This latter aspect of the case is contested. According to his answer in the equity case, Gunter purchased the last mentioned undivided one-half interest, viz., the interest of Mrs. Ramey, with his own money and received a deed to himself as grantee. He claims that he acted on his own account for his own benefit. If this be true, there would be no trust. Obviously, if there was no trust, then the second aspect of the bill would fall. Accordingly the answer shows a meritorious defense to the second aspect of the bill.

A number of reasons, however, are advanced by petitioner to show that the respondent, Gunter, is not entitled to avail himself of the alleged defense. These reasons may be enumerated as follows:

1. It is claimed that there are discrepancies or inconsistencies in the various written statements of account rendered by respondent which show that respondent was not acting on his own account in purchasing the Ramey interest in the property, and was willing for the entire property to be redeemed upon payment of the necessary amount for redemption from the mortgage foreclosure and the amount paid by him as the purchase price for the Ramey interest. If true, these are matters which can be presented to this court by appeal from final decree and will not be considered here on mandamus. "If the matters complained of can be ultimately presented to the appellate court through the medium of an appeal from the final decree, mandamus will not ordinarily be granted. This for the reason that appellate courts will not hear causes in piecemeal." Koonce v. Arnold, supra.

2. Citing 27 Cyc. p. 1044, subsection 6, appellant argues that since Gunter engineered the loan for A. V. Jones with the bank and endorsed his note and became liable to the bank by reason of the endorsement, he became in effect a party to the mortgage. Based on this premise, it is further contended that when Gunter bought in the outstanding title such title inured to the mortgagee, because by the provisions of the mortgage the title to the property conveyed by the mortgage was guaranteed. New England Mortg. Sec. Co. v. Fry, 143 Ala. 637, 42 So. 57, 111 Am.St.Rep. 62. Accordingly it is further contended that when Gunter bought at the foreclosure sale all the right, title and interest in the property possessed by the mortgagee, Gunter necessarily bought the entire property subject to the statutory right of redemption. It is therefore insisted that Gunter has no meritorious defense as shown on the face of the proceedings. We are cited to no authority which shows that Gunter was a party to the mortgage beyond the obligation with reference to payment of the indebtedness secured by the mortgage and beyond certain rights in the mortgage which he would have in the event he was forced to make payment of such debt. In other words, we are not persuaded—but we do not decide the question because it is not necessary—that when Gunter bought in the outstanding title for his own account, such title would inure to the benefit of the mortgagee. It is quite clear that in any event this would not result in the present case. If there were such a valid rule, it might apply if the mortgagee or a third party bought at the foreclosure sale but it would not apply as against A. V. Jones, the mortgagor, or complainant and others, the successors in interest of A. V. Jones. They did not change their position by reason of the guarantee of title in the mortgage. They were not misled by Gunter to their injury. A. V. Jones never owned more than an undivided one-half interest in the property, except, of course, the life estate in the other undivided one-half interest, which terminated with his death, and their right to exercise the statutory right of redemption would not be increased as to all the property by reason of the acts of Gunter. 21 C.J. § 40, page 1076, 31 C.J.S., Estoppel, § 21.

3. It is insisted that the court made its decree vacating the decree pro confesso upon a misinterpretation of the law, because in its decree the court among other things stated that "the matters would be litigated on the bill even with the answer out." The facts relating to the defense are in dispute and since this is so (35 Am.Jur. p. 31) and the respondent's version of the facts shows a meritorious defense, we are interested in the conclusion of the court

:and not the process by which that conclusion may have been reached. We point out again that the issue before us is whether ·or not the court abused its discretion in :rendering its decree.

■ 4. Finally, it is contended that ·petitioner has been deprived of a substantial right in that if the decree pro confesso is set aside, he will be put to proof of certain allegations of the bill. After all, it is justice which is the goal. This will be more nearly accomplished if the case of the complainant is rested on proof and not on ·default.

Writ denied.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.