155 So.2d 526

Ex parte C. T. THACKSTON.

3 Div. 995.

Supreme Court of Alabama.

July 18, 1963.

425

Chas. M. Pinkston and Hill, Hill, Whiting & Harris, Montgomery, for respondent.

Rushton, Stakely & Johnston, Montgomery, for petitioner.

LIVINGSTON, Chief Justice.

This is a petition for mandamus to direct respondent Hon. Walter B. Jones, as presiding judge of the Circuit Court of Montgomery County, Alabama, to vacate and set aside an order issued by him on the 18th day of January, 1962. The record discloses the following. Petitioner Thackston is a defendant in the case of Russell Silas v. C. T. Thackston, individually and doing business as C. T. Thackston Sand and Gravel Co., et al., which is now pending in the Circuit Court of Montgomery County, Alabama. Petitioner was sued with others for an alleged tort. On January 3, 1962, the plaintiff in that suit filed notice to take the pre-trial deposition, pursuant to Title 7, § 474(1), et seq., Code of Alabama 1940 (commonly known as Act 375), of one Arthur B. Patton, an insurance adjuster for petitioner's liability insurance carrier. Plaintiff's attorney procured a subpoena *duces tecum* to Patton commanding him to produce certain statements which he took as a part of his investigation of the alleged

tort. At the taking of the deposition, Patton informed the plaintiff's attorney that prior to service upon him of the subpoena *duces tecum,* he had turned the statements over to Hon. William B. Moore, attorney for petitioner Thackston. Plaintiff's attorneys then filed a motion seeking to compel Mr. Moore to produce these statements. Judge Jones granted the motion and ordered Thackston's attorney to furnish plaintiff a copy of the statements taken by Patton. It is this order which petitioner seeks to have vacated.

On January 19, 1962, this court issued a Rule Nisi to Judge Jones directing him to vacate the said order or show cause why it should not be vacated. Judge Jones demurred to, and answered, the Rule Nisi. The cause was argued and submitted.

■ The first question presented for our consideration is whether or not mandamus is the appropriate remedy in the instant case. We are of the opinion that it is. It is true, as respondent insists, that if the matter complained of can ultimately be presented to the appellate court through the medium of appeal from a final decree, mandamus will not ordinarily be granted. Ex parte Little, 266 Ala. 161, 95 So.2d 269; Ex parte Jones, 246 Ala. 433, 20 So.2d 859; Koonce v. Arnold, 244 Ala. 513, 14 So.2d 512. However, this court has reviewed the issuance of a subpoena *duces tecum,* both as to parties and non-parties, or witnesses, on a petition for mandamus. Ex parte Anniston Personal Loans, Inc., 266 Ala. 356, 96 So.2d 627; Ex parte Hart, 240 Ala. 642, 200 So. 783. And, as stated in the case of Ex parte Weissinger, 247 Ala. 113, 22 So. 2d 510:

"The test, as to whether mandamus will be issued, now seems to depend on whether the remedy by appeal is adequate to prevent undue injury rather than the availability merely of remedy by appeal. Ex parte Watters, 180 Ala. 523, 61 So. 904."

■■ The order complained of was not a final judgment and an appeal will not lie from it. The issues presented here on petition for mandamus might properly be termed collateral to the main case, which is, of course, still pending in the court below. The attorney, Moore, is not a party to that cause. Mandamus is appropriate in the instant case.

■ We come now to the question of whether or not a subpoena *duces tecum,* or, as in this case, an order of the court is the proper method under Act 375 to compel the production of documents for the purpose of discovery. Both parties agree that the controlling code section is Title 7, § 474(1), supra, the pertinent part of which reads, "The attendance of witnesses may be compelled by the use of subpoena as provided for in civil actions." This entire controversy is over the meaning of that sentence. Act 375 was adopted, almost verbatim, from the Federal Rules of Civil Procedure, 28 U.S.C.A. and § 474(1), supra corresponds to Federal Rule 26, which provides for compulsion of attendance of a witness "as provided in Rule 45." The last quoted phrase obviously would have been meaningless in Alabama, so it was changed to read "as provided for in civil actions." We are in full agreement with the general rule of construction that upon the adoption of a law from another jurisdiction in which the language of the statute has received a settled construction, the legislature is presumed to have adopted it as so construed in that jurisdiction. Ex parte Rice, 265 Ala. 454, 92 So.2d 16; Wooten v. Roden, 260 Ala. 606, 71 So.2d 802; Galloway Coal Co. v. Stanford, 215 Ala. 79, 109 So. 377. We here note that in the present case the very language which is controlling is the language which has been changed. In Duncan v. Rudulph, 245 Ala. 175, 176, 16 So.2d 313, this court said:

"The presumption is that the legislature does not intend to make any alteration in the law beyond what it explicitly declares, either in express terms or by

unmistakable implication, and that it does not intend to overthrow fundamental principles, infringe rights, or depart from a general system of law without expressing its intention with irresistible clearness. Cloverdale Homes v. Town of Cloverdale, 182 Ala. 419, 431, 62 So. 712, 715, 47 L.R.A., N.S., 607; Goodman v. Carroll, 205 Ala. 305, 87 So. 368; Endlich Interp. Stat. p. 151, section 113."

■ Since the statute clearly states that subpoenas will issue "as * * * in civil actions," we must look to the Alabama statute concerning the issuance of subpoenas in civil cases. There are two Alabama statutes which deal with compulsory production of books and records, etc., by direct judicial order and by the issuance of a subpoena *duces tecum.* Title 7, § 426, Code of Alabama 1940, provides, in substance, that upon affidavit of necessity and materiality the court may order either *party* to produce, at or before trial, any books, papers, or documents in his possession or power. In the instant case there was no affidavit of necessity and materiality; indeed, for aught that appears, the witnesses whose statements were sought were available for examination at all times. In the absence of such affidavits the motion for production of documents cannot be sustained. Ex parte Rowell, 248 Ala. 80, 26 So.2d 554.

■ The other method for production of papers, documents, etc., is a subpoena *duces tecum,* which is provided for in Title 7, § 489, Code of Alabama 1940. This section provides for the issuance of a subpoena *duces tecum* to compel production of documents, papers, etc., by persons not parties to the action. It is, by its terms, limited to such writings or documents which might be used as testimony *on the trial of a pending cause,* and has been so interpreted by this court. Ex parte Anniston Personal Loans, supra; Ex parte Rowell, supra; Ex parte Hart, supra.

Respondent argues that our interpretation of the statute (Title 7, § 474(1), et seq., supra) is far too strict and that it was the intention of the legislature to provide for subpoenas *duces tecum* just as the Federal Rules of Civil Procedure have done. This argument, though reasonable, is based on pure speculation and conjecture, and cannot prevail in the face of the plain words of the statute. Respondent also argues that the Rice case, supra, tacitly assumes that a subpoena *duces tecum* will issue under Act 375. This contention is based solely on the paragraph in that case which reads as follows:

"We would also be understood as not passing upon the specific items listed in the subpoenas *duces tecum.* Petitioner has an adequate recourse within the act if he deems the request for documents to be too broad or comprehensive."

In the Rice case, however, the question with which we are concerned here did not arise. In that case the only issues were the constitutionality of Act 375 and whether or not it applied to certain civil cases. A subpoena *duces tecum* was issued, but the legality of this was never questioned and hence was not before the court. This statement was not made with any intention to pass upon the question of the validity of the subpoena *duces tecum,* because that question was not before us in that case. Our only motive was to call to petitioner's attention that he had the right and opportunity to contest the scope and manner of the examination under the express provisions of sections 9 and 10 of Act 375.

We are clear to the conclusion that the learned trial judge was in error, and the writ prayed for will issue, commanding him to vacate and set aside his order of January 18, 1962.

Writ of mandamus awarded.

SIMPSON, MERRILL and HARWOOD, JJ., concur.