181 So.2d 894

Ex parte **ROYAL INDEMNITY COMPANY.**

**1 Div. 296.**

Supreme Court of Alabama.

Jan. 6, 1966.

Foreman & Brown, Mobile, for petitioner.

Holberg, Tully & Hodnette, Mobile, for respondent.

SIMPSON, Justice.

Royal Indemnity has filed a petition for writ of mandamus in this Court to compel the respondent to enter a decree dismissing

a bill of complaint against this petitioner which is pending in the Circuit Court of Mobile County, in Equity.

On March 14, 1963 we entered our opinion in the case of Metzger Brothers, Inc., et al. v. Royal Indemnity Company, et al., reported at 274 Ala. 643, 151 So.2d 244. That opinion must be referred to for an understanding of the matter before us here.

In that case we were dealing with an appeal by the complainant below (Metzger Brothers) in a bill for declaratory judgment. The bill had been dismissed as to *one* of the respondents (Pate). The petitioner here, Royal Indemnity Company, was likewise a respondent in the bill for declaratory judgment filed by Metzgers but did not participate in the appeal. Royal now argues that the bill of complaint must be dismissed as to it since we ruled that the trial court correctly dismissed the bill as to Royal's co-respondent. The petitioner is mistaken. The opinion referred to clearly stated in at least three different places that the sole issue was "whether the bill presented a 'justiciable controversy' *between Metzger and Pate*", 151 So.2d at page 247. The question of whether or not a justiciable controversy was stated as to the respondent Royal Indemnity Company was not before the court and that issue was not written to. Petitioner bases its contention that the bill should be dismissed as to it as well as to its co-respondent Pate on the fact that we stated at page 247 (151 So.2d) that "we are clear to the conclusion that no bona fide justiciable controversy is presented by the bill and the sustaining of the demurrer was proper". Perhaps we were remiss in not repeating the words "as between Metzger and Pate" again at this point. However, the following sentence, immediately after the quoted language upon which Royal relies, clearly shows that we were referring to the respondent Pate only. The very next line is, "The exhibits expressly negative any duty on the part of Pate to defend Metzger in the action at law".

Petitioner cites as authority for its contention some cases in which the general statement has been made that the sustaining of a demurrer to the bill as a whole puts the complainant out of court unless he amends to meet the ruling, and failing to amend, the bill is properly dismissed. This is a correct statement of the law but is simply not applicable here. This was a bill for declaratory judgment filed by Metzgers against several respondents. The bill clearly failed to state a justiciable controversy as to the respondent Pate. The trial court dismissed the bill as to this single respondent. The complainant appealed from that decree. We affirmed. At no time have we had the issue before us as to whether the bill stated a justiciable controversy as to other respondents, including this petitioner. That issue is not properly before us now. The prior opinion was intended to go no further than a review of the action taken by the court from which the appeal was taken. In our judgment it does not go beyond that issue. Petitioner is mistaken in its contention that it should have the bill dismissed against it based upon that decision.

The foregoing has been written for the guidance of these parties and to clarify our prior opinion since some misunderstanding seems to have developed therefrom. We have done so albeit we are not convinced that mandamus is appropriate here. It is no longer arguable that mandamus will not ordinarily be granted if the matter complained of can ultimately be presented by appeal from a final decree. Ex Parte Thackston, 275 Ala. 424, 155 So. 2d 526. Such seems to be the case here.

Writ denied.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.