I would affirm on the grounds that the petitions for writ of mandamus were properly denied as attempts to use mandamus as a substitute for appeal. Therefore, I would express no opinion on the merits of the petitions.
On April 3, 1984, Dr. David G. Bronner, the administrator of the judicial retirement fund, sent Judge Hogan the following letter:
 "We have been informed, and have confirmed, that you have been convicted of a crime constituting misuse of office or, more specifically, association with others for the purpose of securing economic and other benefits, through the commission of acts of bribery, extortion under color of official right, wire fraud and travel in interstate commerce in aid of racketeering. We are therefore suspending your judicial retirement benefits.
 "It is our understanding that participation in the Judicial Retirement System as a retired judge involves holding a public office and that conviction of a crime involving malfeasance or misuse of office disqualifies one from holding public office.
 "The Judicial Retirement Law, § 12-18-2 (c), Code of Alabama 1975, provides that any judge who is aggrieved by any decision of the Board of Control regarding his retirement account shall have the right to appeal to the Supreme Court of Alabama where the Supreme Court shall hear said appeal de novo. If you believe that we are incorrect in suspending your benefits, we encourage you to file an appeal with the Supreme Court as soon as possible."
Hogan received no further pension checks from either the judicial retirement fund or the county.
Hogan did not appeal to this Court from the decision to suspend his retirement benefits. Instead, on January 25, 1985, more than nine months after he was notified of the suspension of his retirement benefits, he filed a petition for writ of mandamus in this Court. On April 3, 1985, this Court struck the petition, without issuing an opinion. Ex parte Hogan,480 So.2d 1271 (Ala. 1985). On April 10, 1985, Hogan filed one of the instant petitions in the Circuit Court of Mobile County. On April 12, 1985, Hogan filed the other petition in the Circuit Court of Montgomery County.
Mandamus is not a substitute for appeal. Ex parte SouthwayDiscount Center, Inc., 445 So.2d 898 (Ala. 1984); Ex parteSouth Carolina Ins. Co., 412 So.2d 269 (Ala. 1982); Echols v.Housing Authority of Auburn, 377 So.2d 952 (Ala. 1979);Alcoholic Beverage Control Board v. Taylor, 339 So.2d 66 (Ala. 1976); Ex parte Thackston, 275 Ala. 424, 155 So.2d 526 (1963); and other cases collected at 14 Alabama Digest Mandamus Key No. 4 (1). "The test to be applied in deciding whether mandamus should be granted is whether appeal provides an adequate remedy." Ex parte Furnace and Corrosive Services, Inc.,418 So.2d 891, 893 (Ala. 1982).
Hogan undeniably had an adequate remedy by appeal. As the letter of April 3, 1984, pointed out to him, Code 1975, §12-18-2 (c), provides:
 "Any justice or judge or spouse and/or child of a justice or a judge who is aggrieved by any decision of the board of control [of the state employees' retirement system] shall have the right to appeal to the supreme court of Alabama, where the supreme court shall hear said appeal de novo."
Hogan argues that there was no decision of the board of control from which he could appeal. Code 1975, § 12-18-2 (a), provides: "The judicial retirement fund shall be administered by the secretary-treasurer of the state employees' retirement system under the supervision of the board of control. . . ." Bronner, as secretary-treasurer, acted as agent of the board of control, and his decision, for purposes of appeal under §12-18-2 (c), was the decision of the board of control.
The board of control holds only semi-annual meetings. Prior to sending the letter *Page 229 
of April 3 to Hogan, Bronner saw to it that Marcus H. Reynolds, the retirement executive responsible for the judicial retirement fund, discussed the suspension of Hogan's pension payments with all members of the board of control except Governor Wallace. Each board member concurred in the action. At its next meeting, on May 25, 1984, the board of control formally approved the suspension.
The 42-day time for appeal provided by Rule 4, A.R.A.P., began to run on April 3, 1984, or, at the latest, on May 25, 1984. Because the petitions for writ of mandamus in the instant cases were nothing more than attempts to use mandamus as a substitute for appeal, the circuit courts did not err in denying the writs. I would affirm on this ground.
JONES, SHORES and ADAMS, JJ., concur.