ADAMS, Justice.
Glitsch, Inc., appeals from an order enjoining it from proceeding on its claims against Harbert Construction Company, a division of Harbert International, Inc., and Harbert’s surety in an action filed in Texas shortly after Harbert sued Glitsch in Alabama. We affirm.
In 1991, Harbert was awarded a bid to construct three prisons in Texas. In July of that year, Harbert subcontracted some of its work on two of the prisons out to Glitsch. Harbert claims that it transmitted the contract to Glitsch in July and that, although Glitsch did not return the contract, Glitsch began to perform pursuant to the contract in July. In September, according to Harbert, Glitsch returned the contract, demanding that requested changes be made to the contract. Harbert refused to alter what it considered to be the agreement, and thereafter Harbert terminated the contract. Glitsch filed a lien against Harbert’s surety in Texas[1]; Harbert then sued in Alabama, and Glitsch, shortly thereafter, sued in Texas.
Glitsch contends that Texas law requires it to file its bond claims against a surety in Texas. In addition, Glitsch contends that Harbert had filed a plea in abatement in Texas (before seeking an injunction from the Alabama court), asking that court to do exactly the same thing that has now been ordered by the Alabama court. In Texas, however, the plea in abatement was denied without prejudice. Glitsch claims that the Texas court denied the plea without prejudice only in order to allow Harbert to show how the surety in Texas was not a proper party. Glitsch contends that Harbert was unable to do this and, therefore, that this Court should not contradict the ruling of the Texas court with regard to a cause of action filed there.
Harbert contends that the trial court correctly enjoined Glitsch from proceeding on its claim in Texas because the Alabama action is the only one addressing all issues between the parties. Furthermore, Harbert contends that it would be subjected to great expense if required to litigate in two forums. Harbert also argues that the trial court in Alabama ordered Harbert to post a $275,000 bond so that, should Harbert lose the case pending in Alabama, Glitsch would not have to sue the surety in Texas to obtain its damages.
“[T]he issuance of injunctive relief is a matter left to the sound discretion of the trial court. Hood v. Neil, 502 So.2d 749 (Ala.1987); Powell v. Phenix Federal Savings & Loan Ass’n, 434 So.2d 247 (Ala.1983). Thus, [the appellant] must show that the trial court committed plain and palpable error to warrant a reversal. *403 Reed v. City of Montgomery, 341 So.2d 926 (Ala.1976); Ex parte Jones, 246 Ala. 433, 20 So.2d 859 (1945).”
Alabama Power Co. v. Drummond, 559 So.2d 158, 161 (Ala.1990).
Clearly, Glitseh has been protected by the requirement that Harbert post a bond to cover any damages Glitseh might recover. Because we find that the actions are substantially the same and because of the hardship to the parties to litigate in two forums, with the possibility of inconsistent results, we conclude that the trial court did not abuse its discretion. Therefore, the injunction is hereby affirmed.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.
MADDOX, J., dissents.

. Glitsch claims that it did not immediately sue Harbert in Texas because it was hoping that the two parties could settle the dispute out of court.