175 So. 287

### RESCIA v. WALDROP.

### 7 Div. 380.

Supreme Court of Alabama.

June 14, 1937.

L. B. Rainey, of Gadsden, for appellant.

J. T. Webb and McCord & McCord, all of Gadsden, for appellee.

THOMAS, Justice.

The suit was for injunction and the decree dismissed the same.

The appellee had leased the property to Tom Rescia, who, it is, alleged, breached the terms of his lease, and the owner sought by unlawful detainer to recover possession of the property.

There was a bill to abate a public nuisance maintained and committed on the premises, and injunction restraining Rescia and his sublessees from engaging in such unlawful acts on the premises.

It is alleged that appellee's lease of said property to Rescia had been breached and by the terms of said lease appellee is the "rightful owner and would have the right to possession of said premises were it not for the restraining order and temporary injunction issued from this court"—that in which the bill for injunction and petition pended. The prayer of the petition was as follows: "Wherefore your petitioner prays that your Honors will make and enter an order or decree permitting . the said Allie Waldrop, the privilege of proceeding with suit of unlawful detainer against the said Tom Rescia, in order that she may establish her title to said property and be free to again lease, sell or convey said property to some one other than the said Tom Rescia, W. L. Johnson or Holcombe, to the end that she may not be unjustly deprived of the use of said property."

The answer of Rescia averred the ownership of the property in appellee, the lease to respondent, Rescia, who it is averred had faithfully performed all the terms of the lease, but that Mrs. Waldrop "has undertaken to effect a breach of said lease" and refused to accept the stipulated rentals. It is further averred that Rescia sublet the premises to W. L. Johnson, one of the respondents; that, after Johnson was in possession of the premises, and after the restraining order was issued by the circuit court, Johnson abandoned the premises and that respondent placed a watchman thereon.

It was sought to make the answer a crossbill and prayed that Mrs. Waldrop's suit against respondent in the justice court for possession of the property be enjoined, etc.

 The testimony was developed orally before the register. The decree rendered will therefore not be supported by the usual presumptions. Hodge v. Joy, 207 Ala. 198, 92 So. 171.

The evidence has been carefully examined. A breach of the lease is shown. A part of the fixtures had been removed by tenants, and the character or nature of the possession and the conduct of and by the premises were such as to warrant the landlord in declining to accept other rents from Rescia.

The decree of the lower court that Mrs. Waldrop—appellee—is entitled to the relief prayed, that Rescia was not entitled to the relief prayed in his cross-bill, that the court was without jurisdiction to pass upon the issues of title, and that Mrs. Waldrop be permitted to proceed with the trial of the issues of title before the justice court as originally begun or in such other court as may have jurisdiction of the same, was without error.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.