185 So. 383

### WILLIAMS v. FUNDABURK et al.

#### 4 Div. 44.

Supreme Court of Alabama.

Dec. 22, 1938.

W. H. Stoddard, of Luverne, for appellant.

Thompson & Little, of Luverne, for appellees.

FOSTER, Justice.

A bill in equity was filed in this case by Lila D. Fundaburk and husband, A. D. Fundaburk. It alleges that on November 10, 1928, they executed a mortgage on certain real estate to the First National Bank of Luverne, which later merged with the Bank of Luverne, and which went into liquidation under the management of appellant as Superintendent of Banks of Alabama.

The bill alleges a certain described portion of the mortgaged property was solely owned by Lila D. Fundaburk and was her homestead, and that the indebtedness is solely that of her husband, A. D. Fundaburk, and that the mortgage as to her and her property was void as an attempt to secure his debt. It prays a cancellation of the mortgage insofar as it affects said property.

The Superintendent of Banks answered the bill denying the allegations that the property mentioned was owned by Lila D. Fundaburk, and that the debt was that of her husband, and that the mortgage was to that extent a security by her of her husband's debt. But the answer alleged that the property was that of them both under a deed to them both which is copied in the answer.

The answer then alleged that P. H. Jernigan claimed to hold a prior mortgage on the property by assignment from Guaranty Savings and Loan Association (changed in name to Equitable Building and Loan Association). It then alleged that said first mortgage was marked satisfied on the record, and that it has been paid and discharged, and prays that Jernigan be required to appear and propound his claim. He did so, and without demurring alleged that he bought and paid the association mortgagee for the mortgage, and had it assigned, and that the entry of satisfaction was made by the mortgagee thereafter and in error.

All of this was shown by the evidence to be true, and that another entry on the record was made showing that the satisfaction was by mistake and in error. Of course none of this could affect the rights of the bank as mortgagee if its mortgage is void as to the property here in question, and insofar as it is concerned.

Jernigan sought no relief and the final decree made no reference to him. This was without prejudice to the bank's mortgage upon the holding there further made that

**32**

its mortgage was not enforceable against the property here in question.

The testimony is without conflict that the mortgage debt was wholly that of the husband. Its utmost claim on the evidence would be to subject a half interest on the finding that A. D. Fundaburk was a joint owner with his wife. In this connection the evidence shows without dispute that she bought the property from her father who made a deed to her and her husband as joint grantees, and that it was recorded. She later discovered such to be its status, and then she had her husband convey the entire interest to her. This deed was not recorded, and was executed prior to the mortgage in question.

The argument of counsel for appellant is predicated upon section 6887, Code. The recording statute. But that statute does not make void the unrecorded deed except for the benefit of those named in it. And to have the benefit of it, he must set up in his pleading his defense as a mortgagee for value and without notice of the unrecorded deed. Georgia Loan & Trust Co. v. Butler, 214 Ala. 390, 107 So. 863; 19 Alabama Digest, Vendor and Purchaser, ☞ 239 (8), p. 228. If no such defense is interposed, the mortgagee cannot have the benefit of the statute. Such is the status here.

But assuming that the defense was properly set up, the proof does not support it. It was given to secure an antecedent debt, and there is nothing to indicate that in taking the mortgage the maturity of the debt was extended. We have nothing to show when the old debt was due nor how evidenced. Dillard v. Propst, 212 Ala. 664, 103 So. 863.

Moreover, the evidence of the cashier shows that he took the mortgage and he then had the impression that the wife owned this property, and he took it so that the debt would look like it was better secured.

The knowledge of an agent may be imputed to the principal as a matter of law, creating an incontestable presumption; but that arises only when the agent acquires the knowledge as an incident to the transaction of the business of the principal. Hall & Brown Woodworking Mach. Co. v. Haley F. & M. Co., 174 Ala. 190, 202, 56 So. 726, L.R.A.1918B, 924; Bruce v. Citizens' Nat. Bank, 185 Ala. 221, 64 So. 82, 83. But when the knowledge is not so acquired, it may still support a finding that the principal had notice, due to a presumption, when not disproved, that the agent did his duty and reported the matter to his principal, or when the evidence tends to show that such agent himself transacted the business in question, and that he had the matter in mind then and there in that connection.

In either event the court may infer notice, not as a matter of law but a conclusion from the facts. Hall & Brown Woodworking Mach. Co. v. Haley F. & M. Co., supra, pages 203, 204, 56 So. 726.

But this case is still stronger, for the officer who handled this transaction not only shows that he probably then and there had in mind this status of the title, but he was the cashier of the bank. While it does not appear how he acquired the notice, and though he may have been acting in his individual capacity in doing so, it is said that since the cashier is the chief executive officer of the bank, its manager, and its alter ego for some purposes, his knowledge in that connection, however acquired, is imputed by law to the bank. Malone v. Merchants' & Farmers' Bank, 213 Ala. 215, 104 So. 758; First National Bank v. Hunteville Bank & Trust Co., 213 Ala. 236, 104 So. 760.

No other question is here presented.

The decree should not be disturbed on account of any principle which appellant has argued in brief, and which we have discussed.

Affirmed.

GARDNER, BOULDIN, and KNIGHT, JJ., concur.