187 So. 864

## MAY v. HILLMAN.

### 4 Div. 67.

Supreme Court of Alabama.

April 6, 1939.

T. E. Buntin and W. G. Hardwick, both of Dothan, for appellant.

542

Mulkey & Mulkey, of Geneva, for appellee.

THOMAS, Justice.

The bill sought an accounting on a mortgage, and for a sale of the lands and discharge of the mortgage debt.

It is averred that on January 15, 1929, J. E. Walden borrowed of F. M. Gaines the sum of $7,250, and secured the same by the lands described in the mortgage; that on February 1, 1929, H. L. Hillman, the husband of complainant, purchased the notes and mortgage in question, which by exhibit is made a part of the bill; and he (H. L. Hillman) "became entitled to the money due by the said J. E. Walden * * * to said F. M. Gaines;" that default has occurred under the terms of the mortgage, and that because of such default foreclosure is sought. The bill further asked that a reasonable attorney's fee be ascertained and allowed for such foreclosure.

It is further averred that complainant's husband, the assignee of the mortgage, died on February 26, 1934; that C. H. May, one of the respondents, claims some right, title or interest in and to the lands herein, and claims to have acquired the interest subsequent to the death of H. L. Hillman, and after the execution of the mortgage. The said C. H. May is made a party respondent to the suit to the end that "he might set forth and specify such right, title, claim or interest, and that the same may be adjudicated and determined by the court in this cause."

The respondent May answered the bill of complaint and filed a cross bill, alleging the transfer of the debt and mortgage from Gaines to H. L. Hillman, and stated that, "J. E. Walden delivered, and the said H. L. Hillman, during his lifetime, accepted the possession of the real estate described in and conveyed by said mortgage, in full and complete settlement of said mortgage debt in lieu of foreclosure. The said H. L. Hillman thereafter rented said property, during the fall of 1933, and accepted a rent note payable to himself for the rent thereof, for the year 1934, which said rent note was collected by the said Mrs. L. D. Hillman, subsequent to the death of the said H. L. Hillman. That the said H. L. Hillman, during his lifetime, and the said Mrs. L. D. Hillman, subsequent to his death, have remained in the full, complete, and undisturbed possession of said property, acquired from the said J. E. Walden, as aforesaid."

The respondent May further answered as follows:

"* * * that the said H. L. Hillman died, intestate without issue, on, to-wit; February 26, 1934, and left surviving him a widow, the said Mrs. L. D. Hillman, who is the lawfully appointed and qualified Administratrix of his estate, and a mother and brother, residing in Bibb County, Georgia, Mrs. R. M. Hillman, a widow, and R. H. Hillman, respectively. The said Mrs. R. M. Hillman, and the said R. H. Hillman, joined by his wife, executed and delivered to Cross-Complainant a Warranty Deed, a copy of which is attached hereto, incorporated in and made a part of this Cross-Bill, * * *.

"The mortgage, a copy of which is attached to the Bill of Complaint and properly identified, and the assignment thereof, hereto attached and identified, came into the possession of the said Mrs. L. D. Hillman, subsequent to the death of the said H. L. Hillman, deceased, and, after

her appointment and qualifications as the Administratrix of his estate, she destroyed or caused said transfer or assignment to be destroyed, and had the said F. M. Gaines, who was at that time employed by her as her attorney and legal adviser, to prepare, execute, and deliver to her, individually, a transfer or assignment of said mortgage, a copy of which is hereto attached, incorporated in and made a part of this Cross Bill; * * * she then recorded said fraudulent transfer or assignment in the Probate Office of Houston County, Alabama, and thereafter proceeded to foreclose same, as the transferee and assignee thereof; and, on the 17th day of September, 1934, she attempted to purchase said property at said sale and, as such purchaser, she received a foreclosure deed thereto, a copy of which said deed is hereto attached, incorporated in, and made a part of this Cross-Bill * * *."

The conveyance from Hillman to May is exhibited and contains, among other things, a detailed description of city lots and the following: "Also all our right, title, interest and claim of every kind and description in and to any other and all property owned by H. L. Hillman at time of his death located in Houston County, Alabama."

In a proper case this would include the farm lands, under the authority of Moore v. McAllister, 205 Ala. 512, 88 So. 643. However, it is not thought to be necessary to rest the decision on this point.

The cross bill prays "that the said Mrs. L. D. Hillman, as Administratrix of the estate of H. L. Hillman, deceased, and as an individual, F. M. Gaines, and J. E. Walden be made parties Respondents to this Cross-Bill; that process issue out of this Honorable Court directed to the said Mrs. L. D. Hillman, as an individual, the said F. M. Gaines, and the said J. E. Walden, requiring them, and each of them, to appear before this Court within the time fixed and prescribed by law, to then and there answer, plead or demur to the allegations of this Cross-Bill; and upon their failure to do so, may same be taken as in all things as confessed by them. And, upon a final hearing in said cause on the pleadings and proof, may it please the Court to order, adjudge and decree that Cross-Complainant is entitled to the following relief, * * *:" that it be decreed that all of the title, right, interest, and equity, owned or possessed by the said

F. M. Gaines, passed to H. L. Hillman in his lifetime by the surrender of possession in full settlement of the mortgage debt; that the assignment by Gaines to Mrs. L. D. Hillman, as an individual, and the foreclosure deed to her be declared void and of no legal effect; that said instruments exhibited be declared void, and that Mrs. L. D. Hillman, in her individual or representative capacity be declared to have no title, interest or equity in the lands; that an accounting be had for rents and profits from the lands subsequent to the death of H. L. Hillman.

■■ The testimony was taken before the register and was not given orally in open court. The decree is not supported by the presumptions of verity which obtain. Hodge v. Joy, 207 Ala. 198, 92 So. 171. When all the legal evidence is considered, it supports the decrees of the court ordering the sale of the lands as prayed in the original bill and in confirmation of the coming in of the register's report. In effect, it was (1) dismissal of the cross bill and amendments of C. H. May and taxing him with the costs; (2) that the mortgage be foreclosed, etc.; (3) that respondent, F. M. Gaines, has no interest in the lands involved in this suit or in the debt secured by the mortgage executed by J. E. Walden and wife, Juanita M. Walden to him on the 15th day of January, 1929, and recorded in the Office of the Judge of Probate of Houston County, Alabama, in Mortgage Record 180, page 386; and (4) ordering a reference by the register to ascertain the amount due on the mortgage in question.

The evidence of Mrs. Hillman, the listing and payment of the taxes, the letter of date of January 2, 1934, from J. E. Walden to Mr. H. L. Hillman, show that Mr. Hillman was renting the lands, paying the taxes for mortgagor and doing what he could to see·if conditions "will (would) allow us [mortgagors] to realize something from the place by sale or otherwise" * * *; that it was the hope that mortgagor would soon "be in a position to look after my (his) affairs." This evidence further shows that Mrs. Hillman acted on advice of counsel in the subsequent transfer and in the foreclosure, and with no intent or purpose of defeating the mortgagor's rights or that of the husband's estate, but only to secure payment of the note and mortgage on the property to decedent's estate, and was not acting as the absolute owner thereof under the alleged

transfer. That is to say, she was not fully and properly advised as to the respective rights in the matter, and was directed by counsel as indicated.

While the effect of the testimony of Mr. Martin and Mr. Domingus is to the like effect, the evidence of witnesses Starling, Callaway and J. E. Walden contains adverse inferences that are favorable to cross-complainants.

When all the legal evidence is considered, it is an illustration of the wisdom of the statute of frauds. Code 1923, § 8034 et seq.

See the rule announced in Biggers v. Ingersoll et al., 236 Ala. 646, 184 So. 478, as to the agreements by mortgagors and mortgagees as to surrender of possession on full discharge of the mortgage debt. The evidence before us nowhere approaches compliances with this rule.

When the legal and competent evidence before the circuit court and before the register is considered, the decrees of the circuit court are without error and affirmed in all respects.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.