31 So.2d 136

### STEPHENS et ux. v. HILL.
### 8 Div. 344.

Supreme Court of Alabama.

June 19, 1947.

R. G. Kelton, of Oneonta, for appellants.

Marion F. Lusk, of Guntersville, for appellee.

LIVINGSTON, Justice.

On December 29, 1944, Mrs. Odell Hill, complainant in the court below, appellee here, bargained with appellants, T. O. Stephens and Erian Stephens, his wife, to purchase from them a twenty acre farm, including a dwelling house and barn, located in Marshall County, Alabama, at and for the sum of $2650.00. It was agreed that the purchase price was to be paid $1175.00 cash upon the execution and delivery of a deed, and the balance of $1475.00 in monthly installments of $35.00 each, and secured by promissory note reserving a vendors' lien. On December 30, 1944, the cash payment was made, the deed and note executed and delivered. On January 8, 1945, appellee took possession of the property and moved thereon. On January 24, 1945, the appellee filed her bill in the Circuit Court of Marshall County, in Equity, against appellants.

As we view it, the bill of complaint is primarily for a rescission of the contract of sale, a cancellation of the deed, a return to appellee of the cash paid and the cancellation of the note executed and delivered, or, in the alternative, for the abatement of the purchase price for and on account of fraud.

Appellants insist that the bill of complaint does not make out a case of actionable fraud cognizable in a court of equity. In pertinent part the bill alleges:

"That on December 29, 1944 she bargained with defendant to buy their twenty acre farm in Marshall County hereinafter described in paragraphs second in this bill, for $2650.00; in making said bargain, defendant well knowing complainant's ignorance and lack of business experience, and her lack of knowledge about said farm and that she was having difficulty in finding a suitable farm home for herself and small children, and that she could not readily communicate with her husband because of his being in military service in the southwest Pacific, did willfully to deceive her or recklessly without knowledge represent to her that said farm had on it valuable timber worth at least $1000.00, and at least eight or nine acres of productive or cultivatable land; that said defendant had been in possession of said farm for nearly a year and were well acquainted with what was or was not on it; that defendants with intent to conceal or deceive, falsely represented to complainant that the ground was too wet to walk over the place and examine the timber and cultivatable area, and thus induced her to forego walking over and through the farm and examining it; that said representation as to the timber and cultivatable acreage were of material facts, and were acted on by this complainant, and induced her to buy said land at said price.

"Second. That on December 30, 1944, complainant under said trade paid defendant $1175.00, in cash and gave them her note for $1475, and received from defendants their deed, a copy of which is hereto attached marked Exhibit 'A'.

"Third. That complainant went into possession of said lands on January 8, 1945; that after moving in she discovered that defendants had cut, either just before or just after the trade, some 6,000 feet of timber on said lands, and that all the merchantable timber standing on said lands was worth less than $200.00, and that not over three and one-half or four acres of said farm is cultivatable; that because of said matters said farm is worth less than $1200, and if complainant is required to pay said note she will have been defrauded of $1500 or more.

"Fourth. That complainant has repeatedly requested defendants to restore her enough of the consideration given by her to compensate for such fraudulent or deceitful overcharge, or to give back all the consideration and let her convey said lands back to them; that defendants have flatly refused to do either, and have stated they will not pay back a dime, and will not even

disclose to complainant whether they still hold her note or whether they have sold it; that defendants are insolvent and have informed complainant they do not have the money she paid them."

The bill of complaint contains alternative prayers for relief, one of which is for a rescission of the contract of sale, and a general prayer.

Section 107, title 7, Code of 1940, provides:

"Fraud by one, accompanied with damage to the party defrauded, in all cases gives a right of action."

And section 108, title 7, Code of 1940, reads;

"Misrepresentations of a material fact, made wilfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently, and acted on by the opposite party, constitute legal fraud."

Our recent case of Shepherd v. Kendrick, 236 Ala. 289, 181 So. 782, reviewed the authorities in respect to allegations necessary to charge actionable fraud. It would serve no good purpose to here repeat what was there said.

Here the facts were not equally well known to both sides. Appellee did not know the land, but the vendors knew it, and the statement as to the amount of timber on the land and the amount of cultivatable land on the farm involved a statement of fact, for the vendors impliedly stated they knew facts which justified their opinion. With this as a basis, appellee charges the vendors with wilfully, or recklessly without knowledge making the false representation with intent to induce the purchase. We think the bill sufficiently charges actionable fraud.

The cause was submitted for final decree in the court below upon the deposition of witnesses taken before the register, and it is our duty to here review the evidence without any presumption in favor of the correctness of the findings of the lower court. Many witnesses were examined by the respective litigants: the tendencies of the evidence being conflicting. The record is voluminous, and, in our opinion, it would extend this opinion to unnecessary length to attempt a detailed analysis of the testimony. Section 66, title 13, Code of 1940. We think that complaint in the court below met the burden cast by the pleadings.

The trial court entered the following decree:

"This cause being submitted for final decree on pleadings and proof as noted by the parties and filed by the register and the court having duly read and considered the same is of the opinion that complainant is entitled to the relief prayed for in her bill of complaint, and the court being of the opinion, and finding from the evidence that the reasonable value of said farm was fully $1000.00 less than the price at which complainant was induced to buy the same on December 30, 1944, and that complainant having paid more than that amount as a down payment, and having agreed to pay six percent interest in her note for the balance, is entitled to legal interest on said over charge from December 30, 1944; it is therefore

"Ordered, adjudged and decreed that the complainant Odell Hill have and recover of the defendants T. O. Stephens and Erian Stephens one thousand forty-seven & 50/100 ($1047.50) dollars, and it is further ordered adjudged and decreed that if within sixty days from the filing of this decree, defendants elect to rescind said transaction and pay and deliver to the register of this court for complainant said down payment of $1175 with interest from December 30, 1944, with complainant's note for $1475 and the costs herein incurred, said judgment shall be of no force and effect, and complainant is hereby required upon the performance of these conditions by the defendants, to execute and deliver to the register for the defendants a deed reconveying said lands to them; and it is further

"Ordered, adjudged and decreed that if defendants within said sixty days so elect they may execute and deliver to the register for the complainant their receipt for $1000 with six percent interest from December 30, 1944 with provision that said amount has been credited on her said note, at the same time endorsing upon the margin of the probate record of said deed a satisfaction to that extent of the vendor's lien reserved in said deed, upon which and the payment

of the costs herein incurred said judgment for one thousand forty-seven & 50/100 ($1047.50) dollars shall be of no force and effect; and it is further

"Ordered, adjudged and decreed that the costs herein be and the same are hereby taxed against said defendants, for all of which execution may issue, as may be required, after said sixty days from the filing hereof."

In legal effect the decree is a rescission of the contract of sale. It does provide for options, favorable to them, which the vendors may exercise. In our opinion, under all the facts, it was necessary to so frame the decree to fully protect the interest of the vendee.

We find nothing in the record calling for a reversal, and the cause is affirmed.

Affirmed.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.