51 So.2d 547

**HOOPER v. BRITT.**

4 Div. 146.

Court of Appeals of Alabama.

March 20, 1951.

A. M. McDowell, Eufaula, for appellant.

614

Archie I. Grubb, Eufaula, for appellee.

CARR, Presiding Judge.

In the court below Dr. Walter S. Britt, Jr., sued Mrs. Kathleen Hooper in detinue for the recovery of a diamond ring. Judgment was in favor of the plaintiff, and this appeal followed.

In 1934 Mrs. Mattie T. Thompson executed and delivered to Dr. W. S. Britt, Sr. the following document:

"State of Alabama

"Barbour County.

"Know all men by these presents, that I, Mattie Thomas Thompson for and in consideration of being indebted to Dr. Walter S. Britt, for professional service, and many personal, kindnesses, received at his hands and also at the hands of his son Dr Walter S. Britt Jr. do hereby direct and demand, that at my death, my 2 carot diamond ring, marked inside 'C. to M' be promptly delivered to said Dr W. S. Britt, or his son Dr W. S. Britt Jr.

"I also hereby affirm that no one has any claim on this ring, and I have full right to dispose of it as I see fit.

"And further affirm, that whatever money I may be able to pay Dr Britt on account due him, before my death, have in no way have any bearing, on the conveyance of this ring to him or his son as I consider this conveyance an expression of

love and apprciation, as well as an effort to partly pay the debt for professional services.

"Witness my hand and seal, this 20 day of Sept. 1934

"Mattie T. Thompson

"Witness

"Mrs. L. Wynne"

At the time of the execution of this instrument Dr. Britt, Sr. and his son, the appellee, were partners in the practice of medicine in the City of Eufaula, Alabama. Mrs. Thompson was their patient and was indebted to the partnership for professional services. So far as the evidence discloses this indebtedness was never paid except in the manner attempted by the above indicated conveyance.

On March 23, 1939, Mrs. Thompson borrowed some money from Mrs. Esther Lunsford. To secure the loan the former executed a promissory note to the latter. The note stipulates: " * * * and as a part of the consideration hereof I deliver to said Esther Lunsford as collateral, one 2 carat diamond ring, to be returned to me when this $108.00 is paid."

With respect to the circumstances of the loan, Mrs. Lunsford testified:

"Q. Let me ask you this question: As a matter of fact, when she asked you to lend her $100, before you loaned her the $100 isn't it a fact that you told her you would buy the ring? A. Yes, I asked her to sell me the ring.

"Q. And that is when she told you she couldn't sell it because it went to the Dr. Britts at her death? A. Yes, sir.

"Q. That she could not dispose of it by sale? Is that correct? A. Yes.

"Q. And you made the loan with full knowledge of that, that she had no right to sell it because it went to the Dr. Britts? A. Yes."

The indebtedness evidenced by the note was not paid at maturity. On February 11, 1942, Mrs. Annie Tully paid the amount due and took possession of the ring. The note was transferred with this endorsement:

"I hereby transfer the within note or mortgage to Mrs. Annie T. Tully, without recourse on me. 2-11-42

"Ester Lunsford"

Mrs. Tully forthwith redelivered the ring to Mrs. Thompson. The latter retained possession of the property until her death on February 10, 1948.

Mrs. Tully died in 1945. By will she bequeathed the ring jointly to her three children, Mrs. Kathleen Hooper, Mrs. O. T. Garvin, and E. M. Tully. Mrs. Hooper acquired by purchase the interests of her brother and sister and at the death of Mrs. Thompson took possession of the property.

Dr. Walter S. Britt, Sr. died in 1938.

The instant suit was filed on May 24, 1948.

The solution of the presented questions is dependent upon two propositions:

(1) The appellant's title to the property.

(2) Must the cause of action fail because of lack of title in plaintiff, or because of an outstanding title in the personal representative of Mrs. Thompson?

It is evincingly clear that appellant's title is dependent entirely on the pledge to Mrs. Lunsford. The doctrine of adverse possession or the statute of limitations cannot be taken into account. There was no possession except in Mrs. Thompson until her death in 1948. A pledge is discharged by a voluntary relinquishment of possession. There is no evidence of any conditions or qualifications attached to the delivery of the ring from Mrs. Tully to Mrs. Thompson. Under these circumstances the pledge ceased to exist after the delivery, Mrs. Tully had no title to the property. Under a well recognized doctrine, she could not bequeath an interest that she did not have. It follows that Mrs. Hooper, the appellant, did not get any title to the property by will and the indicated purchases.

There can be no merit in the insistence that Mrs. Hooper's title was created by virtue of the fact that she was a purchaser of an interest in the ring for value without notice.

■ "It is well settled in Alabama that where one purchases chattels from another not the legal owner thereof, such purchaser acquires no better title than his seller had although he purchases without notice of the infirmity, and for a valuable consideration." Moore v. Long, 250 Ala. 47, 33 So.2d 6, 7.

See also, Title 57, Sec. 29, Code 1940; Lyde v. Taylor, 17 Ala. 270; Bennett & Co. v. Brooks, 146 Ala. 490, 41 So. 149; Barrow v. Brent, 202 Ala. 650, 81 So. 669; Hyatt v. Reynolds, 245 Ala. 411, 17 So.2d 413.

It is evident that Mrs. Hooper had no title to the ring.

We come to consider the second proposition.

■ It is axiomatic that for the appellee to maintain his cause of action it was incumbent on him to show that at the commencement of the suit he had a general or special property in the ring, and that he was entitled to its immediate possession. Minge v. Clark, 193 Ala. 447, 69 So. 421; Hollimon v. McGregor, 225 Ala. 517, 143 So. 902; First National Bank of Stevenson v. Crawford, 227 Ala. 188, 149 So. 228.

A matter of critical concern is to determine the nature and character of the conveyance from Mrs. Thompson as evidenced by the instrument copied supra.

■ It seems now to be well settled by the authorities that a life estate and future interests by way of ·remainder may be created in personal property. Such estates are governed in the main by the same general principles as are such estates in realty.

This doctrine is discussed somewhat at length in 33 Am.Jur., Life Estates, Remainders and Reversions, Sec. 5, p. 464. See also, Underwood v. Underwood, 162 Ala. 553, 50 So. 305; Schowalter v: Schowalter, 217 Ala. 418, 116 So. 116; Ragsdale v. Norwood, 38 Ala. 21; Ezzell v. Ezzell, 213 Ala. 544, 105 So. 813; 26 C.J.S., Deeds, § 45, p. 246.

■ It is clear that the document in question was prepared by a person who was not acquainted with forms of legal conveyances. However our courts are committed to the holding that "apt words of convey-

ance" are not required to transfer title to personalty. Richards v. Montgomery, etc., 230 Ala. 307, 160 So. 706.

■■ The intent of the parties should be gleaned from a consideration of the whole instrument. The subject matter, the situation and relationship of the grantor and grantee, the course of dealings between them, the object and purpose of the conveyance, together with all the circumstances surrounding the transaction, should be taken into account. Scott v. Baber, 13 Ala. 182.

■ Applying this rule, we think that the evident intent of Mrs. Thompson was to make a present conveyance (by reserving possession until her death) to Dr. W. S. Britt, Sr., if he survive her, and, if not, then to Dr. W. S. Britt, Jr., but in payment or part payment of her debt, which was to the partnership and not to either individual.

Though apparently not written by one who was familiar with partnership law, the instrument expresses the effect of a conveyance to the partnership, in that it directs the delivery to Dr. Britt, Sr. (if living) or his son (if he had become the surviving partner) and by the "conveyance of this ring to him or his son * * * as an effort to partly pay the debt for professional services."

■ The instrument recites a valid consideration and, not being a gift, delivery was not essential.

This brings us to a consideration of the right of Dr. Britt, Jr. as surviving partner of the partnership to maintain the instant suit.

■ There is abundant authority to sustain the doctrine that the surviving partner takes title to the partnership assets as a trustee for the liquidation of the partnership. Davis v. Sowell, 77 Ala. 262; Tillery v. Tillery, 155 Ala. 495, 46 So. 582; Didlake v. Roden Grocery Co., 160 Ala. 484, 49 So. 384, 22 L.R.A.,N.S., 907.

■ Hence the surviving partner can maintain a cause of action against any person who has possession of some of the

partnership property and refuses to deliver it to him. 68 C.J.S., Partnership, § 275, p. 770.

The judgment of the court below is in consonance with the conclusion we have reached. The judgment at nisi prius is therefore ordered affirmed.

Affirmed.