88 So.2d 568

**E. L. CLARK**

v.

**I. B. WOOD.**

**8 Div. 788.**

Supreme Court of Alabama.

June 14, 1956.

Marion F. Lusk, Guntersville, for appellant.

Starnes & Starnes, Guntersville, for appellee.

GOODWYN, Justice.

This is an appeal by the complainant from a final decree of the circuit court of Marshall County, in equity, denying the relief sought and dismissing the bill.

In essence, the bill is one to have the parties declared partners in a venture involving the use and hire of a truck, and an accounting by respondent, it being alleged that the parties "entered into an agreement to form a partnership between them" as follows: That complainant would buy a certain truck, described in the bill; that respondent "would drive said truck for hire, and apply the profits from the operation of said truck to the payment of said purchase cost and that thereafter the truck would belong to the parties equally and the profits from the driving of said truck by defendant for hire would be divided equally between the parties"; that, pursuant to said agreement, complainant, borrowed $1,300 from a Guntersville bank, securing the loan "with his personal credit and with a mortgage on his cattle and said * * * truck, the title to which was put in defendant's name so that he might make an advantageous contract with Commercial Carriers, Inc., to drive said truck for it for hire, said corporation requiring that such contract of hire be made with the person holding title to the truck and driving the same"; that the defendant, "being the nominal owner of said truck signed the mortgage with complainant, but complainant was the principal debtor"; that, pursuant to said agreement, the defendant, "in trust for complainant, "took" title and possession of said truck" and contracted with said Commercial Carriers, Inc., "and with the profits from the hire of said truck driven by him under said contract" paid and satisfied the note to the bank; that since payment of said note, "defendant has received approximately $1,000 of profits from the use of said truck under said contract"; that "although complainant has many times requested and demanded an accounting and division of said profits, defendant has failed and refused to make such an accounting and division, and now even denies complainant's title and interest in said truck, and claims it as his own, declaring that complainant has no right to demand anything of him."

The prayer is for a decree that the parties "were and are joint owners" of the truck; that the truck be sold "pending an accounting by defendant and the proceeds held in the registry of this court subject to such accounting"; that "a reasonable attorney's fee be allowed from said proceeds for the services of complainant's attorney"; "that a partnership between the parties be declared; that defendant's conduct toward complainant be held a dissolution of said partnership; that defendant be required to account for the profits he has received from the use, operation or hiring of said truck; that it be referred to the register to hear and state such account; that complainant be awarded a judgment against defendant for the amount found to be due him after said accounting, and that defendant's interest in said truck be condemned to the satisfaction of said judgment." There is also a prayer for general relief.

Appellee takes the position, as alleged in his answer to the bill, that he borrowed the $1,300 from the bank to purchase the truck and took the "full and complete title therefor"; that "at no time did he agree to share any profits nor to share the title to the said truck with the complainant in any manner"; "that the signing of the note and the furnishing of additional security thereon was purely and simply a personal accommodation made in his behalf by the complainant as is done in the ordinary course of business in many instances"; that he "paid the note in full, including the inter-

est thereon, from his own personal funds", and that "the complainant did not pay any sum whatsoever either on the note or at any other time for the purchase price of the truck."

The cause was submitted to the trial court for final decree upon the pleadings and the testimony of witnesses taken orally before the register. In this situation we must weigh and consider the evidence de novo and arrive at a conclusion without the aid of any presumption in favor of the trial court's decision on the issues of fact presented. In other words, we must sit in judgment on the evidence as if at nisi prius. Carnegie v. Carnegie, 261 Ala. 146, 73 So.2d 556; Stephens v. Hill, 249 Ala. 299, 301, 31 So.2d 136; May v. Hillman, 237 Ala. 541, 543, 187 So. 864; Rescia v. Waldrop, 234 Ala. 338, 339, 175 So. 287.

The testimony of the parties themselves is in conflict as to their agreement. However, in considering the surrounding circumstances and the testimony of the other witnesses, we are disposed to the view that the position taken by appellant, complainant below, has the stronger support in the evidence and should prevail. There is no dispute that appellant arranged for the bank loan to buy the truck and, in order to obtain the loan, "put up" as additional security therefor certain personal property owned by him. It seems to us that the crux of the case is whether appellant's joinder in the loan arrangements, making possible the purchase of the truck, was, as contended by appellee, "a personal accommodation" or a partnership business arrangement as contended by appellant. Except for the testimony of appellee, we find no rational support in the evidence of a conclusion that appellant's participation was as an accommodation party only. It seems to us, after a careful consideration of all the evidence, that a partnership undertaking between the parties is sufficiently established.

The decree is due to be reversed and the cause remanded to the trial court for fur-

ther proceedings not inconsistent with what has been here said.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and SPANN, JJ., concur.