123 So.2d 129

Nelle FINNEY

v.

K. B. STORY et al.

7 Div. 491.

Supreme Court of Alabama.

Sept. 15, 1960.

Inzer, Martin, Suttle & Inzer, Gadsden, for appellant.

Roy D. McCord and L. D. Martin, Gadsden, for appellees.

GOODWYN, Justice.

This is an appeal from a final decree of the circuit court of Etowah County, in equity, in a materialman's lien suit. Code 1940, Tit. 33, § 37 et seq.

The only question presented is whether the complainants (appellees) met the burden on them of proving their allegations that the respondent (appellant) "entered into an oral contract" with them whereby they "agreed to and did furnish the defendant building materials, lumber and fixtures for the erection, repairing, altering or beautifying a house, building or improvement" upon respondent's lot in Gadsden.

The cause was submitted to the trial court for final decree upon the pleadings and the testimony of witnesses taken orally before the register. In this situation we must weigh and consider the evidence de novo and arrive at a conclusion without the aid of any presumption in favor of the trial court's decision on the issues of fact presented. In other words, we must sit in judgment on the evidence as if at nisi prius. Clark v. Wood, 264 Ala. 415, 417, 88 So.2d 568; Carnegie v. Carnegie, 261 Ala. 146, 73 So.2d 556; Stephens v. Hill, 249 Ala. 299, 301, 31 So.2d 136; May v. Hillman, 237 Ala. 541, 543, 187 So. 864; Rescia v. Waldrop, 234 Ala. 338, 339, 175 So. 287.

After a full consideration of the testimony, in the light of the foregoing rule of review, we are at the conclusion that the complainants failed to meet the burden on them of proving the alleged contract. While one of them testified that in a telephone conversation had with respondent, respondent agreed to pay for the materials delivered to respondent's contractor, such agreement was denied by respondent. As we view the evidence, taken as a whole, it is insufficient to show "a positive agreement between the materialman and the owner of the property." See Brewton v. Sessions, 264 Ala. 123, 125, 84 So.2d 763, 764; Lindsey v. Rogers, 260 Ala. 231, 234, 69 So.2d 445, 447. As said in the last cited case:

"* * * It must be kept in mind that a materialman's lien is a statutory creation and is not 'allowable in equity independently of statute'. Emanuel v. Underwood Coal & Supply Co., supra [244 Ala. 436, 14 So.2d 154]. In other words the lien must be perfected by compliance with statutory requirements and it is an essential statutory requirement that there be a valid contract of purchase between the materialman and the owner of the property. This may arise either by virtue of a positive agreement between the materialman and the owner of the property or where the statutory notice has been given by the materialman to the owner prior to the furnishing of the materials that the materialman will look to the owner for payment for the materials. Buettner Bros. v. Good Hope Missionary Baptist Church, 245 Ala. 553, 18 So.2d 75, 76."

Since the appeal relates to a question of fact only, we will refrain from discussing the evidence in detail, as to do so would add nothing to the established law and serve no useful purpose. See Code 1940, Tit. 13, § 66. We mention several salient facts.

Although complainants carried the account in respondent's name, no bill was submitted to her nor was any request for payment made of her until the filing of the bill; this, even though the materials were furnished to her contractor over a period of several months. Another significant fact is that complainants had never had any prior dealings of any kind with respondent, but had dealt with respondent's contractor on other occasions. It seems more reasonable to us that if complainants had been looking to the respondent for payment, at least a request for payment would have been made of her during the course of furnishing the materials.

The decree appealed from is due to be reversed and one rendered here dismissing the bill.

Reversed and rendered.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.