277 So.2d 327

**H. W. MURPHREE et al.**

v.

**John A. SMITH and Nina D. Smith et al.**

**SC 177.**

Supreme Court of Alabama.

May 3, 1973.

Weeks & Weeks, Scottsboro, for appellees.

Dawson, McGinty & Livingston, Scottsboro, for appellants.

JONES, Justice.

This is an appeal from a decree rendered in the Circuit Court of Jackson County, in Equity, in favor of the complainants-appellees, John A. Smith and Nina D. Smith, and against the respondents-appellants, Mr. and Mrs. H. W. Murphree and the heirs at law of J. Floyd Davidson, deceased.

In their original bill of complaint the Smiths[1] sought an accounting from the Murphrees under the terms and provisions of two leases made and entered into by the Murphrees and J. Floyd Davidson on October 3, 1962. The bill averred that the property (some 157 acres in Jackson County, Alabama) which is the subject of the above-mentioned leases was conveyed by Davidson to the Smiths on March 24, 1954, by a warranty deed which reserved a life estate in the grantor. It is admitted that the said deed was not recorded until after the death of Davidson in November, 1962. The deed was attached to the bill of complaint as Exhibit "A". The bill further alleged that the Murphrees have improperly paid their rents under the two leases into the estate of Davidson since his death and that an accounting is in order. It should here be observed that Mr. Murphree is the executor of the Davidson estate.

In their answer and cross-bill the appellants denied the validity of the above-mentioned deed and averred that on the date said deed was purportedly executed Davidson was old, in poor health, and that if such a deed was executed by him, it was done as the result of undue influence and coercion exerted over him by John A. Smith. The cross-bill further charged that no consideration was paid for the property, or if any was paid, it was greatly less than the value of the property. It was also alleged that at the time of the execution of the said deed, if such were executed, a confidential relationship existed between John A. Smith and J. Floyd Davidson and that because of the latter's advanced age and physical and mental weakness, he was under the domination of Smith. The cross-bill then prayed for affirmative relief asking that the deed in question be decreed null and void, and that the Smiths be declared to have no right, title or interest in or to the subject property or to any rents or profits arising therefrom.

In answer to the cross-bill, the Smiths denied the averments thereof and stated that the grantor, Davidson, was mentally alert and physically fit when he executed the deed in question and that subsequent thereto he continued to transact and conduct his business affairs for many years. The Smiths denied that a confidential relationship existed between John A. Smith and Davidson and denied that the latter

---

1. John A. Smith died intestate while this cause was pending and his heirs at law assigned whatever interest they might have in this litigation to his widow, Nina D. Smith.

was under the influence and domination of Smith on the date of the conveyance. The answer to the cross-bill also denied that less than fair consideration had been given and stated to the contrary that just and reasonable consideration had been paid.

Testimony in this cause was taken on several occasions before the Register of the Court and after consideration thereof and of the pleadings and exhibits presented, the trial court found in favor of the Smiths. The questioned deed was held valid and the matter of an accounting was referred to the Register. The Register reported that the parties to the suit had stipulated the sum in controversy to be $8,355.-79 and a final decree was rendered declaring Nina D. Smith to hold title to the subject property and awarding her the amount as stipulated.

The appellants have made seventeen assignments of error questioning the correctness of the trial court's findings of fact and rulings of law.

█ We shall begin by stating the rule that in an equity suit where the cause was submitted to the trial court for a final decree on the pleadings and testimony of the witnesses taken orally before the Register, it is our duty to weigh and consider the evidence de novo and arrive at a conclusion without the aid of any presumption in favor of the trial court's findings of fact. Finney v. Story, 271 Ala. 284, 123 So.2d 129; Clark v. Wood, 264 Ala. 415, 88 So. 2d 568; Armstrong v. Armstrong, 217 Ala. 581, 117 So. 195; Title 13, § 17, Code of Alabama 1940 (Recompiled 1958).

Assignments of error numbered one (1) through six (6) attack the trial court's decree generally, averring it is contrary to the evidence and applicable law, and, specifically, its finding that the deed from Mr. Davidson to the Smiths was valid and of full force and effect. Appellants contend that a confidential relationship was shown to have existed between John A. Smith and J. Floyd Davidson such as to give rise to a presumption of undue influence which the appellees failed to overcome by convincing proof. The appellants also argue that the evidence revealed that so insufficient, if any, consideration was paid that the deed should be set aside.

The trial court found that no such confidential relationship was established by the appellant's evidence and that, consequently, the burden of proof remained with the appellants to show by convincing evidence that the deed in question was executed as a direct result of undue influence and coercion. The court below determined that the appellants failed to meet that burden. The trial court also found from the evidence that reasonable and sufficient consideration was paid by the appellees for the subject property.

Though this Court is not bound by the findings of the trial court, we are bound by the same rules of law. One such rule, concerning the presumption of undue influence where a confidential relationship exists, was stated by Justice Lawson in Webb v. Webb, 250 Ala. 194, 33 So.2d 909, as follows:

"But for such a presumption to be raised the evidence must [first] show clearly and satisfactorily: (1) That a confidential relation existed between the grantor and grantee; (2) that the grantee was the dominant spirit. Wooddy v. Matthews, 194 Ala. 390, 69 So. 607."

█ We have carefully examined the evidence in this case in light of the above rule and are convinced that the trial court was correct in upholding and validity of the deed in question. The appellant's evidence failed to establish a confidential relationship, did not show Smith to have been the dominant party in the transaction, and certainly fell short of convincing this Court that the subject deed was the result of undue influence and coercion. We also agree with the trial court that there was evidence presented from which it could be found that sufficient consideration was paid for the property.

Since we have upheld the validity of the Smith's deed, the trial court's ruling con-

cerning appellee's permission to sell other parcels (assignment of error 7,) is of no consequence to this proceeding because the title to those lands is not here contested.

■ Appellant's assignments of error numbered eight (8) and nine (9) are without merit. The validity of a deed, as between the grantor and grantee therein, is not dependent upon its timely recordation. The recording statute, Title 47, § 120, Code of Alabama 1940 (Recompiled 1958), does not render void an unrecorded deed except for the benefit of those particular classes of persons named in the statute. Williams v. Fundaburk, 237 Ala. 30, 185 So. 383; Alexander v. Fountain, 195 Ala. 3, 70 So. 669. The trial court ruled that the rents from the subject leases were due to be apportioned between Davidson's heirs and the Smith's as provided by law, Title 31, § 14, Code of Alabama 1940 (Recompiled 1958), the estate taking that portion of the rents which accrued prior to the death of Davidson, the life tenant, if any, and the Smiths, the remaindermen, taking that portion accruing after Davidson's death and up to the termination of the leases. The law on this point is quite clear and the trial court's ruling is in complete accord therewith.

■ We agree with the ruling of the trial court to the effect that the clear wording of the recording statute does not embrace within its purview a devisee.[2] The only exception to this rule recognized by our cases is where a devisee is treated as a "purchaser" for value due to a contractual obligation of the testator to devise to such divisee specific property. Larkins v. Howard, 252 Ala. 9, 39 So.2d 244, 7 A. L.R.2d 54.[3] None of the appellants here claim to come within the Larkins exception. It is scarcely necessary to add that a testator by will can convey only such property as he has. 94 C.J.S. Wills § 76, p. 782; Hooper v. Britt, 35 Ala.App. 612, 51 So.2d 547.

■ Appellants' assignments of error numbered ten (10) and eleven (11) were not substantially argued in brief and will be deemed waived. Supreme Court Rule 9.

Assignments of error numbered twelve (12), thirteen (13) and fourteen (14) deal with matters which we feel were within the sound discretion of the trial court and, there being no evidence of abuse, will not be reviewed. Howard v. Cooke, 238 Ala. 317, 191 So. 341; Ex parte State ex rel. Brittain, 237 Ala. 164, 186 So. 148.

Assignment of error fifteen (15) complains of the trial court's ruling that the appellants were guilty of laches. We consider such question moot, since we have heretofore upheld the validity of the subject deed on other grounds.

As stated earlier, the title to the small parcels deeded to third parties by Davidson after his conveyance to the Smiths is not an issue in the present case. Consequently, we hold appellants' assignment of error number sixteen (16) to be of no merit.

Assignment of error seventeen (17) has also been answered previously. Since the deed to the Smiths is valid and John A. Smith's heirs at law have assigned all their right and interest in this litigation to Nina D. Smith, the trial court committed no error in holding Mrs. Smith to be the fee owner of the subject property.

Having determined that the appellants have failed to expose any error made by the court below and upon due consideration of the entire record before us, we are of the opinion that the final decree entered by the trial court is due to be and is hereby affirmed.

Judgment affirmed.

COLEMAN, BLOODWORTH, McCALL, and FAULKNER, JJ., concur.

---

2. See Powell on Real Property, § 915 (1972) ; see also First Presbyterian Church v. York Depository, 27 S.E.2d 573 (S.C.1943).

3. As to the rights of a purchaser from, or one claiming through, an heir or devisee, see 65 A.L.R. 360.