328 So.2d 306

**STATE of Alabama**

v.

**MONK & ASSOCIATES, INC.**

**Civ. 699.**

Court of Civil Appeals of Alabama.

March 3, 1976.

William J. Baxley, Atty. Gen., William H. Burton, Acting Chief Counsel, Dept. of Revenue, and Asst. Atty. Gen., B. Frank

Loeb, Asst. Counsel, Dept. of Revenue and Asst. Atty. Gen., for appellant, State of Alabama.

Denaburg, Schoel, Meyerson & Ogle and Ben L. Zarzaur, Birmingham, for appellee.

WRIGHT, Presiding Judge.

The Alabama Department of Revenue entered a sales tax assessment against Monk & Associates, Inc. in the amount of $7,454.65. Upon appeal by Monk to the Jefferson County Circuit Court the assessment was set aside. State appealed. We affirm in part and reverse in part.

Monk is a wholesaler of candy. Since 1971, a large volume of its sales has been to various groups and organizations within the elementary and secondary schools of the public school system of Alabama. The testimony is voluminous to the effect that such groups and organizations exist within the various schools as a part thereof, with the approval and permission of the administrative authorities and are subject to the control and supervision of the administrative head of each school. Representative of such organizations are Beta Clubs, Hi-Y Clubs, Band Clubs, Athletic Clubs, Civics Clubs and class organizations. These organizations serve the school in fund-raising projects of various kinds, including selling candy to students, faculty, parents and the public generally. Every parent and teacher is well aware of the activities of such groups. The testimony is replete that were it not for such means of fund raising the schools would be unable to meet multiple needs because of lack of appropriated public funds. Several witnesses stated that raising money by selling candy and other merchandise through student sales is a fact of life in the schools and is necessary to supply unfunded needs.

The assessment of sales tax in this instance arose out of the charge of the state that Monk's sales of candy to these school groups were not wholesale sales but retail sales. Monk contends its sales were at wholesale and if not wholesale, were sales to schools which are exempt from paying sales tax.

The evidence in the case below was heard by a special master who reported his findings of fact and conclusions of law to the court. The court adopted the report of the master and incorporated it in its judgment. Under the circumstances, this court on appeal reviews the judgment without a presumption of correctness as in cases heard ore tenus by the court. *Murphree v. Smith*, 291 Ala. 20, 277 So.2d 327.

We affirm the judgment of the trial court insofar as it finds the assessment void as to sales to schools because it reached the correct result. We reverse as to sales to P.T.A.s.

The trial court found that the sales by Monk to groups and organizations within the schools were, in fact, sales to schools. We agree with that finding. The trial court found that the sales by Monk to schools were exempt from taxes under Title 51, Section 786(34)(m) of the Code of Alabama (1940). We disagree that the sales fall within that exemption. The trial court found that the sales by Monk were wholesale sales to "dealers" under Title 51, Section 786(2)(i). We disagree with that finding.

Our conclusion as to the correctness of the judgment voiding the assessment of taxes to Monk upon its sales to school organizations is founded upon the following:

Title 51, Section 786(2)(i) as pertinent, is as follows:

"The term 'wholesale sale' or 'sale at wholesale' means any one of the following: a sale of tangible personal property by wholesaler to licensed retail merchants, jobbers, dealers, or other wholesalers for resale . . . ."

Title 51, Section 786(2)(j) provides that all sales not defined by Section 786(2)(i) as wholesale sales are retail sales. Therefore, if not a wholeslae sale it is a retail sale and sales tax must be collected and paid by the seller.

It is clear that the sale of candy to a school for resale does not fall strictly within the above definitions. The schools purchased the candy for resale. They are not licensed retail merchants. Neither do they fall within the category of "dealer" as found by the trial court, whatever that term means in the statute. Therefore, standing alone, it would appear that Monk sold to an unlicensed retailer and should have collected sales tax.

Monk, however, says even though it may have sold to an unlicensed retail merchant, such retailer is a school and is exempt from paying sales tax on purchases under Section 786(34)(m) of Title 51. That section is as follows:

"There are exempted from the provisions of this article and from the computation of the amount of the tax levied, assessed, or payable under this article the following: . . . (m) The gross proceeds of the sale or sales of tangible personal property to county and city school boards . . . and all educational institutions and agencies of the state of Alabama, the counties within the state or any incorporated municipality of the state of Alabama."

The above exemption from sales tax clearly applies only to sales of property to schools for use and consumption for school purposes. Regulation G27–0513 issued by the Department of Revenue pursuant to the exemption statute provides:

"Tangible personal property is exempted from sales and use tax when purchased for the sole use and benefit of, and for the use under the control of a state, county or city school. . . ."

The purchase of candy for resale to raise cash funds could not fall within the exemptions of Section 786(34)(m).

The question now is presented—If Monk did sell to an unlicensed retail mer-

chant, a school, and the purchase was not exempt from sales tax under Section 786(34)(m), why is Monk not liable for the tax upon the gross proceeds of such sale?

The answer is, because Section 786(3) of Title 51, the Code, the levying statute, does not require the collection of sales tax by the schools upon their sales. The Supreme Court of Alabama in the case of *City of Anniston v. State*, 265 Ala. 303, 91 So.2d 211, held that under the language of 786(3) it was not the intent of the legislature to require the collection of sales tax upon gross sales in instances not specifically set out in the statute. Regulation G27–021, issued by the Revenue Department, adopts such interpretations when it provides as follows:

"Sales made by all colleges, universities, or other institutions of higher learning, both privately and publicly owned and operated, are by specific provisions of the sales tax law subject to sales tax.

. . .

"Gross proceeds of sales made by schools (not including institutions of higher learning) owned and operated by the counties and municipalities of the state are not subject to the tax. (Act No. 100, Sec. 2(a); Title 51, Section 786(3)(a))"

Regulation G27–031 applies the same exemption to meals sold by schools.

Having determined from the evidence presented that fund-raising activities of groups and organizations within the schools who received and resold the candy sold by Monk were, in fact, activities of the school; such sales were exempt from sales taxes under Title 51, Section 786(3)(a) and regulations of the Department of Revenue issued pursuant thereto.

This court in a recent decision, *State v. Advertiser Company*, 56 Ala.App. —, — So.2d — (1976), recognized the purpose of requiring collection of sales tax by a wholesaler selling to an unlicensed retailer. That purpose is to insure collection of sales tax from the best source. If a retailer is unlicensed, that is, not registered with the Revenue Department and possessing a sales tax number, there is no means of insuring payment of tax upon his gross receipts. The burden is thus placed upon a wholesaler either not to sell to an unlicensed retailer, or to be liable for payment of tax upon the goods he sells to such retailer.

■ However, if the sale is to an unlicensed retailer who is not required to collect tax upon the goods he resells, the purpose of the statute is unneeded. If the retailer is not required to collect tax upon the sale of goods sold, the wholesaler is not required to pay the tax. Sales tax is a burden upon the ultimate consumer. The retailer is merely the collector. In the case of a retailer exempt from collection there is no tax. We must conclude that Monk cannot be liable for failing to collect tax from an unlicensed retailer who is exempt from collecting the tax from the ultimate consumer.

■ The exemption applicable to sales by schools does not apply to the various P.T.A. organizations. Therefore, the judgment below is affirmed as to the sales to schools or organizations therein under the supervision and control of the school administration. We reverse as to sales by Monk to other associated groups or organizations such as the P.T.A. We remand for determination of the amount of tax due on such sales.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED IN PART WITH DIRECTION.

BRADLEY and HOLMES, JJ., concur.