Appellant, Bertha L. White, brought suit in 1975 seeking an order of sale for division of certain real property, known as Lots 4 and 5, in Coosa County, alleging that she jointly owned this property with her former husband, George D. White, appellee. The trial court decreed that Bertha White had no title or right to the subject property that *Page 327 
would support her petition for sale for division. The decree stated that Bertha White had conveyed her interests in the lots to George White by a valid warranty deed executed and delivered July 7, 1969, as part of a division of real property in contemplation of divorce. We affirm.
Bertha White and George White were married in 1963. On July 7, 1969 they met with an attorney to work out details of an uncontested divorce. The divorce documents were prepared and executed on that day.
An oral agreement was also entered into by Bertha White and George White on July 7 which provided for the complete disposition of their marital property. Pursuant to the agreement, deeds dividing the jointly owned real property were prepared and exchanged between the two parties while still present at the attorney's office. A deed to Lots 4 and 5 was executed by Bertha White, notarized and delivered to George White at this time. In return, George White deeded his interests in some of the marital property to Bertha White, including a housetrailer and the lots upon which it was located, and land in Clay County. These deeds were never recorded.
The parties were granted a divorce on July 19, 1969. However, they reconciled shortly thereafter and jointly petitioned the court to set the divorce aside. This relief was granted July 26, 1969. Bertha White and George White then resumed cohabitation and continued to live together for several years.
On December 5, 1974 the parties were again divorced. The decree provided for a division of marital property but contained no mention of Lots 4 and 5. Apparently counsel for both Bertha White and George White failed to provide evidence for the trial court concerning these two lots at this second divorce proceeding. Bertha White then filed the action in 1975 which is the basis of this appeal.
We begin by stating the rule that, as between the parties, a deed is valid though unrecorded. Ala. Code tit. 47, § 120 (1958); Murphree v. Smith, 291 Ala. 20, 277 So.2d 327 (1973). Thus, we agree with the trial court that, as there was an exchange of validly executed deeds between Bertha White and George White in a consummated property settlement July 7, 1969, legal title to Lots 4 and 5 was conveyed to George White.
Bertha White asserts that the trial court committed reversible error by rendering its decision without a determination of the parties' intentions as to whether the 1969 property settlement was enforced or annulled by the 1969 reconciliation and actions of the parties after the reconciliation. She relies principally upon Williams v.Williams, 261 Ala. 328, 74 So.2d 582 (1954). In that case, this court ruled that where a husband and wife make a separationagreement and thereafter reconcile and resume cohabitation, theseparation agreement is annulled. This court further reasoned that the question of whether or not a property settlement, such as we have in the present case, is abrogated by reconciliation and resumption of cohabitation depends upon the intentions of the parties as shown by the terms of the agreement and the actions of the parties.
It is a well-known rule of review that where the trial court makes a decision based upon evidence taken ore tenus, its decree is favored with a presumption of correctness and its finding will not be disturbed on appeal unless plainly erroneous or manifestly unjust. Downs v. Downs, 260 Ala. 88,69 So.2d 250 (1953); Stephens v. Stephens, 233 Ala. 178,170 So. 767 (1936).
A review of the entire record in this case reveals that George White testified that he considered Lots 4 and 5 to be his; that he retained possession of the lots after July 7, 1969; that he had paid taxes in his name on the lots since July 7, 1969.
Bertha White testified that after reconciliation, she collected rent from the tenant who lived in the housetrailer deeded to her by George White in 1969; that she considered that property to be hers; that when she sold the Clay County property for $8,000.00 she retained most of the sale proceeds, *Page 328 
giving George White $3,000.00 to purchase a car.
This court has stated that where there is no direct finding by the trial court on a matter but the decree rendered necessitated such a finding, the reviewing court will presume such a finding if it is supported by the evidence and justifies the decree rendered. Orton v. Gay, 285 Ala. 270, 231 So.2d 305
(1970); Martin v. Cameron, 203 Ala. 548, 84 So. 270 (1919). It is therefore unnecessary in the present case for the trial court to state specifically that its findings were based upon the intentions of Bertha White and George White so long as there was sufficient evidence to reach its conclusion set forth in its decree. In light of the abovementioned testimony, we find that there was ample evidence from which the trial court could reach a conclusion that Bertha White conveyed her interests in Lots 4 and 5 to George White, and further, that both parties treated their respective deeds as valid after the reconciliation.
AFFIRMED.
BLOODWORTH, JONES, ALMON and EMBRY, JJ., concur.